HENDRY, Judge.
The defendant below, A. John Bittson, appeals on order of the circuit court directing a verdict in favor of the plaintiff, Edward Steinman. The suit was initiated upon plaintiff’s complaint alleging breach of contract.
At trial, the plaintiff introduced into evidence a written agreement whereby he was to have received 15% of the net profit from the sale of a certain parcel of real property located in New York. Plaintiff testified that the net profit from the sale was approximately $60,000; that by subsequent parol modification of the written contract, he agreed to accept the amount owed to him in quarterly payments of $146.25; and, that he had received installments regularly until 1959, but that since that time he had received no further payment. He also gave testimony concerning the amount still due and owing. At the close of the plaintiff’s case, defendant moved for a directed verdict, which motion was denied. The following then occurred:
“THE COURT: * * *
“The testimony of this witness is in the record. The plaintiff has established that the amount of money from which he was entitled to was the $60,000—
“MR. KORNBLUM: Was what, your Honor?
“THE COURT: Fifteen percent of $60,-000. The agreement spells out that all of the books regarding the transaction are supposed to be with him, so it looks like the burden is going to be on him to show whether that is a correct figure. If I could establish that that is a correct figure, I would direct a verdict.”
í{í ‡ ‡ %
“THE COURT: * * * I am about to direct a verdict as to liability. In fact, I will. All I want now is to establish the amount.
“MR. KORNBLUM: You intend to direct a verdict before you hear from the defendant?
“THE COURT: From what I have seen there is no way in the world — From his writings, his own letter, he paid the man right up through 1959.
*32 “MR., KORNBLUM: Suppose he did not receive the mortgage payments, your Honor?”
* * * * * *
“MR. KORNBLUM: That may be True if this is genuine and he agreed to what what stated in here, but Mr. Bittson will testify that he will not agree to what was stated in here.
“MR. BURNS: There is another letter.
“THE COURT: I am satisfied that we narrow it down to the amount of money. It is that simple.
“MR. KORNBLUM: What you are saying is that he was due—
“THE COURT: I figure he is due $5,360 unless he can show that the amount of money is considerably less than that by virtue of his investment, and at the time they had the closing he got his money back, and there was not a $60,000 profit.”
# * * * * *
“THE COURT: Will you be able to present evidence to show the exact amount of net profit after we come back?
“MR. KORNBLUM: No, sir.
“THE COURT: You will not be able to ?
“MR. KORNBLUM: No, sir.
“THE COURT: All right. From what has been proven, I am satisfied that there should be a directed verdict for that amount.”
* * ‡ * * *
“THE COURT: All right. Introduce that into evidence. I will accept it. I will direct a verdict for $5,360.
“MR. KORNBLUM: Your Honor, let met say this: I would like the opportunity to present some testimony.”
'******
“THE COURT: Why don’t you all— There is no question but that the mían is entitled to the money he contracted to get. I have no objection to your making a settlement as to the method of payment. See if you can get together and work it out.
“I am going to adjourn you right now. There is no point in going on with the case here. It has only got one side.”
It is appellant’s contention that the trial court is without authority under § 54.17, Fla.Stat., F.S.A., to direct a verdict for the plaintiff at the close of plaintiff’s case without allowing the defendant to present evidence in his behalf.
The law in regard to directed verdicts is well settled. The trial court should not direct a verdict unless the evidence is such that a verdict in favor of the non-moving party could not be supported in law. And upon review of an order granting a directed verdict, the appellate court is required to disregard conflicts in the evidence, to consider the evidence adduced in the light most favorable to the non-moving party, and to indulge every reasonable inference on behalf of the non-movant. Paikin v. Beach Cabs, Inc., Fla.App.1966, 187 So.2d 93, and cases therein cited.
Viewing the record in its entirety, we are unable to say as a matter of law that it is clear that there could be no evidence whatsoever adduced which could support a verdict for defendant. We are of the opinion that, under the issues of this case as framed by the pleadings, defendant must be given his day in court. See: Robinson v. Malik, Fla.App.1961, 135 So.2d 445. Therefore, the order appealed is reversed and the cause is remanded to the lower court for further proceedings not inconsistent with this opinion.
Reversed and remanded.