347 So.2d 455 (1977)
Sharon BRADLEY, Appellant,
v.
Reuben W. PEADEN, Appellee.
No. DD-280.
District Court of Appeal of Florida, First District.
June 29, 1977.
Joseph C. Rubel of Metzger, Viviana, Winn & Rubel, Pensacola, for appellant.
William B. Richbourg, Pensacola, for appellee.
*456 ERVIN, Judge.
Mrs. Bradley appeals a final judgment directing verdict in behalf of Reuben Peaden in an action seeking damages for abuse of process.
Mrs. Bradley is the niece of Mr. Peaden. A dispute arose from the sale of some scuba diving equipment owned by Peaden's daughter and sold by Peaden to Mrs. Bradley. Following the sale, Peaden called Mrs. Bradley and told her that she had paid for only one set of the two sets of equipment which she took and she still owed $125.00 for the additional set. Mrs. Bradley testified she informed Peaden that for the $125.00 paid she intended to buy both sets. According to Mrs. Bradley, Peaden told her that if she did not pay for the equipment or return it, he was going to swear out a warrant for her arrest and with an arrest on her record she would never get a job. When she failed to return the equipment to him, Peaden signed a criminal affidavit charging her with grand larceny. Later she was tried and acquitted. Mrs. Bradley then filed an action alleging (1) malicious prosecution and (2) abuse of process. The first count of malicious prosecution was voluntarily dismissed prior to trial. At the conclusion of the presentation of evidence by Mrs. Bradley, Peaden moved for a directed verdict which was granted.
Appellant argues that where evidence is presented in a case involving abuse of process showing that the defendant used criminal process to coerce her to return certain property or pay a civil debt, the lower court erred in directing a verdict for the defendant at the close of her case in chief. We agree and reverse.
It is of course our responsibility in reviewing an order granting a motion for directed verdict to consider the evidence in the light most favorable to the nonmoving party and to indulge every reasonable inference on behalf of the nonmovant. Bittson v. Steinman, 210 So.2d 30 (Fla. 3d DCA 1968). Applying this rule to the record before us we cannot say that there were no issues of fact which could not be properly resolved by the jury. Count two of her amended complaint alleged, and the evidence presented by her, was to the effect that Mr. Peaden used criminal process in an attempt to recover from Mrs. Bradley $125.00.
This case is similar in its facts to those in Cline v. Flagler Sales Corp., 207 So.2d 709 (Fla.3d DCA 1968), in which the Third District Court of Appeal reversed summary judgment in favor of defendant as to a count charging defendant with abuse of process. There the plaintiff purchased certain goods from defendant and executed a retained title sales contract calling for monthly payments. After plaintiff fell behind in the payments, defendant employed one Schwartz to obtain collection of the amounts due. After being contacted by him, plaintiff offered to return the property; instead however Schwartz caused criminal proceedings to be instituted, leading to her arrest. Later at a preliminary hearing before a justice of the peace, the property was returned and plaintiff was not bound over for further proceedings. Thereafter plaintiff filed an action alleging malicious prosecution in two counts and abuse of process in the third count. In reversing that part of the summary judgment which had granted defendant's motion as to the abuse of process charge, the court stated:
"In an action for abuse of process it is not essential to show a termination of the proceeding in favor of the person against whom the process was issued and used, or to show want of probable cause or malice. The cause of action consists of the willful or intentional misuse of process; a willful and intentional misuse of it for some wrongful and unlawful object, or ulterior purpose not intended by the law to effect. Nash v. Walker, Fla. 1955, 78 So.2d 685; Strickland v. Commerce Loan of Jacksonville, Fla.App. 1963, 158 So.2d 814; 1 Am.Jur.2d, Abuse of Process, § 4; 72 C.J.S. Process §§ 119, 120 and Annot.; 14 A.L.R.2d 322, et seq.
"In Prosser on Torts, 3rd Ed., Ch. 23, Misuse of Legal Procedure, § 115, p. 877, it is said: `Thus if the defendant prosecutes an innocent plaintiff for a crime *457 without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such grounds to extort payment of a debt, it is abuse of process.'" (207 So.2d at 711)
Mrs. Bradley submitted evidence which entitled her to consideration by a jury. The judgment is reversed and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.
BOYER, C.J., and MILLS, J., concur.