433 So.2d 1248 (1983)
ROGER RANKIN ENTERPRISES, INC., d/b/a Rankin Enterprises, Appellant,
v.
Regis F. GREEN, Appellee.
No. 82-995.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Rehearing Denied July 27, 1983.
*1249 Williams, Salomon, Kanner, Damian, Weissler & Brooks and Dale F. Webner, Miami, for appellant.
No appearance for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellee, Regis Green, gave appellant two worthless checks in payment of an indebtedness of Sound Investment of Clearwater, Inc., a corporation of which Green was an officer and director. Appellant sued Green for the amount of the worthless checks on the ground that the payee of a worthless corporate check has an implied civil remedy under section 832.05, Florida Statutes (1981), which imposes criminal sanctions for drawing, uttering, issuing, or delivering a check or draft known by the maker to be drawn on insufficient funds. The amended complaint against Green does not set forth a proper cause of action against Green under this criminal statute. However, it is clear that the ultimate facts alleged would support relief upon another theory. Medley Harwoods, Inc. v. Novy, 346 So.2d 1224 (Fla. 3d DCA 1977); section 673.403(2), Florida Statutes (1981).[1] This being so, it was error for the trial court to dismiss the amended complaint with prejudice. Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); Dionne v. Columbus Mills, Inc., 311 So.2d 681 (Fla. 2d DCA 1975); Baxter v. Royal Indemnity Co., 285 So.2d 652 (Fla. 1st DCA 1973), cert. discharged, 317 So.2d 725 (Fla. 1975).
Accordingly, the order of dismissal with prejudice is reversed and the cause remanded with directions to enter a dismissal without prejudice.
Reversed and remanded.
DANIEL S. PEARSON, Judge, concurring.
The statement in the majority opinion, "the amended complaint against Green does not set forth a proper cause of action *1250 against Green under this criminal statute," leaves open the possibility that such a cause of action exists if properly pleaded. In my view, there is no such possibility, and I think it should be foreclosed here and now.
The only way which one can conclude that the language of Section 832.05 creates a private civil cause against the maker of a worthless check is by fashioning a per se rule of construction that implicit in every penal statute is a concomitant civil remedy. But as one commentator has noted, "The obvious difficulty with this theory ... is that even conceding a legislative intention to protect [a class of persons of which plaintiff is a member] it has not evidenced any intention of achieving this protection by the imposition of a civil liability, since the only remedy provided by the statute is a criminal or penal proceeding." Lowndes, Civil Liability Created By Criminal Legislation, 16 Minn.L.Rev. 361, 364 (1931-1932).
Admittedly, merely because the statute is penal in nature does not preclude a finding that the Legislature implicitly intended to create a private cause of action as well, see Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1974); Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367 (Fla. 4th DCA 1981); Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla. 3d DCA 1964). However, the penal nature of a statute hardly dictates such a finding, when indeed the statute ex hypothesi says nothing about a civil liability.
Where, unlike the present case, the Legislature declares a right and provides no remedy at all, a private cause of action may be readily inferred by applying the basic rule of statutory construction that the Legislature must have intended the statute to serve some useful purpose. See Girard Trust Co. v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786 (1928); Piezo Technology v. Smith, 413 So.2d 121 (Fla. 1st DCA 1982)[1]; Zorick v. Tynes, 372 So.2d 133 (Fla. 1st DCA 1979). But where, like the present case, the Legislature has afforded a penal remedy and has not expressly declared a private cause of action, we must determine whether the statute, although penal in nature, plainly imposes a duty for the benefit of an especial class of individuals. Rosenberg v. Ryder Leasing, Inc., 168 So.2d at 680.
A reading of Section 832.05 convinces me that the Legislature did not intend to confer on a payee a private right of action against the writer of a worthless check. First, and most obviously, had the Florida Legislature intended to confer such a right, it could have expressly done so in the same manner as other states, see, e.g., Ala. Code § 6-5-285 (1975); Miss. Code Ann. § 11-7-12 (1972), as it has seen fit to do in respect to other crimes, see, e.g., § 812.035, Fla. Stat. (1981) (expressly providing civil treble damage action to one injured by reason of theft made criminal by Section 812.012). Second, the express purpose of Section 832.05 contains no language which in the slightest way suggests a legislative intent that the statute was enacted for the protection of payees:
"(1) PURPOSE.  The purpose of this section is to remedy the evil of giving checks, drafts, bills of exchange and other orders on a bank without first providing funds in or credit with the depository on which the same are made or drawn to pay and satisfy the same, which tends to create the circulation of worthless checks, drafts, bills of exchange and other orders on banks, bad banking, check kiting and a mischief to trade and commerce."
Third, to imply such an intent would require us to abrogate an express provision of the Uniform Commercial Code, § 673.403, Fla. Stat. (1981), that relieves an authorized representative who signs his own name to an instrument from personal obligation where the instrument names the corporation represented and shows that the representative signed in a representative capacity. This we cannot do. Town of Palm Beach v. Palm Beach Int'l Ass'n of Fire *1251 Fighters, 275 So.2d 247 (Fla. 1973) (general act that is an overall revision or general restatement of the law must be intended to govern); Markham v. Blount, 175 So.2d 526 (Fla. 1965) (repeal by implication is not favored); Ellis v. City of Winter Haven, 60 So.2d 620 (Fla. 1952) (if possible, two statutes must be construed as to preserve force of both).
Accordingly, I would hold that the payee of a worthless check does not have a civil remedy under Section 832.05. In all other respects, I agree with the majority.
NOTES
[1] 673.403 Signature by authorized representative. 

(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
* * * * * *
[1] Publix SuperMarket, Inc. v. Dean, 416 So.2d 12, 13 (Fla. 3d DCA 1982), which finds no cause of action based on the reasoning found in the dissent to Piezo, can only be read to mean that no cause of action exists in the circuit courts.