The MIAMI HERALD PUBLISHING COMPANY, a DIVISION OF KNIGHT–RIDDER NEWSPAPERS, INC., a Florida corporation and Rick Hirsch, Plaintiffs,

v.

Maurice A. FERRE, individually and as Mayor of the City of Miami; The City of Miami, a Florida municipal corporation; Marie Petit; Nestor Toledo; and Alina Novaro, Defendants.

No. 84–2918–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 15, 1985.

Bruce W. Greer, Peter W. Homer, Richard Ovelmen, Dan Paul, Miami, Fla., for plaintiffs.

Lucia Allen Dougherty, City Atty., Mitchell R. Bloomberg, Harold Bluestein, Miami, Fla., for defendants.

ORDER GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT'S COUNTERCLAIM

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon plaintiffs' motion for judgment on the pleadings with respect to defendant MAURICE A. FERRE'S ("FERRE") counterclaim.

The above-styled action originated in the alleged destruction by defendant FERRE, Mayor of the City of Miami, of certain documents relating to the firing on October 25, 1984, of Miami City Manager Howard Gary. Contending that the documents in question were "public records" subject to inspection by the public and the press pursuant to the Florida Public Records Act ("Records Act"), Chapter 119, Florida Statutes, plaintiffs commenced this action on December 7, 1984, seeking declaratory, injunctive and other relief under the Records Act and the Federal Civil Rights Act, 42 U.S.C. § 1983. The action, which was originally filed in the Eleventh Judicial Circuit, in and for Dade County, Florida, was removed by the defendants on December 13, 1984, to this Court based upon the federal question raised by plaintiffs' § 1983 claim. This Court exercised pendant jurisdiction over the remaining state claims. On February 5, 1985, defendant FERRE, in his individual capacity, counterclaimed for compensatory and punitive damages asserting five causes of action:

(1) abuse of process;

(2) violation of his constitutional right to privacy;

(3) malicious threats;

(4) interference with his right to hold office; and

(5) malicious prosecution.

Pursuant to Rule 12(c), Fed.R.Civ.P., plaintiffs have moved for a judgment on the pleadings, dismissing FERRE's counterclaim. Their 12(c) motion raises both the defense of lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim under which relief can be granted under Fed.R.Civ.P. 12(b)(6). Additionally, plaintiffs assert that the counterclaim is barred as their actions are privileged under the First Amendment and the Records Act.

Having carefully considered plaintiffs' motion, the memoranda of law in support of and in opposition thereto, as well as the argument of counsel at a hearing on May 10, 1985, this Court finds, that (I) it has both ancillary and independent jurisdiction over the subject matter of the counterclaim, and (II) the counterclaim should be dismissed as each count fails as a matter of law to state a claim upon which relief can be granted. This Court's finding of an insufficient legal basis for the counterclaim under Rule 12(b)(6) is dispositive of plaintiffs' motion, and therefore the merits of plaintiffs' additional claim of privilege under the First Amendment and the Records Act need not be, and will not be, examined here.

I.

As a threshold matter, before reaching the actual merits of FERRE's counterclaim, this Court must address plaintiffs' defense of lack of subject matter jurisdiction. The parties agree that since diversity between the parties is lacking, jurisdiction, if it exists, must either be found in the Court's ancillary jurisdiction or there must

be an independent jurisdictional ground for the counterclaim. Ancillary jurisdiction exists only if the counterclaim is compulsory, that is, "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" within the meaning of Fed.R.Civ.P. 13(a). However, if the counterclaim is permissive under Fed.R.Civ.P. 13(b) it must be supported by an independent ground of federal jurisdiction. *See generally,* 6 Wright and Miller, *Federal Practice and Procedure* § 1409 (1971). Plaintiffs assert there is neither ancillary or independent jurisdiction over the counterclaim and, therefore, it must be dismissed pursuant to Rule 12(b)(1). For the reasons set forth below, this Court disagrees.

As regards the question of ancillary jurisdiction, the parties correctly point out that this circuit has adopted the "logical relationship test" to determine whether a counterclaim is compulsory pursuant to Rule 13(a). *Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir.1970). The Court in *Revere* defined the test, which had its origins in *Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 150 (1926), as follows:

> a claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant. 426 F.2d at 715.

In making this determination, however, it is important to note, as defendant FERRE emphasizes, that the logical relationship test "is a loose standard which permits a 'broad realistic interpretation in the interest of avoiding a multiplicity of suits. The hallmark of this approach is its flexibility.'" *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357, 1361 (5th Cir.1979) (citations omitted).

Applying this "flexible" standard to the instant case, this Court is satisfied that the counterclaim does indeed bear a logical relationship to plaintiffs' claims, in that, within the meaning of *Revere,* it "arises out of the same aggregate of operative facts." 426 F.2d at 715. Simply stated, the plaintiffs' action arises out of defendant FERRE's alleged preparation and subsequent destruction of certain documents relating to the firing of the Miami City Manager and plaintiffs' efforts to obtain access to those documents; FERRE's counterclaim asserts various causes of action arising from plaintiffs' efforts to obtain access to the documents in question and their allegedly wrongful actions taken after they did not obtain the documents. As the Supreme Court has specifically recognized, the fact that additional allegations must be proved in order for FERRE to recover on the counterclaim does not eliminate its compulsory nature. *Moore,* 270 U.S. at 610, 46 S.Ct. at 371. It is the view of this Court that the claims involved are essentially "offshoots of the same basic controversy between the parties" and thus "fairness and considerations of convenience and economy" dictate that ancillary jurisdiction should be exercised. *Revere,* 426 F.2d at 714.

In addition to the foregoing, even if FERRE's counterclaim was merely permissive under Rule 13(b), and thus not within this Court's ancillary jurisdiction, Count II of the counterclaim provides an independent ground for jurisdiction. Count II alleges on its face a violation of FERRE's constitutional right to privacy arising under the first, fourth and fourteenth amendments, and thus, it presents a federal question within this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiffs' argument that this count fails to state a claim for invasion of a federal right to privacy and therefore cannot serve as an independent jurisdictional "hook" for FERRE's counterclaim is incorrect. Dismissal on jurisdictional grounds and for failure to state a claim are analytically distinct. The former involves the

right to be heard in court while the latter is a disposition on the merits. As the Supreme Court has stated:

Jurisdiction, therefore, is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law ... and it must be decided after and not before the court has assumed jurisdiction over the controversy.

*Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). The only instances noted in *Bell,* where a dismissal for lack of subject matter jurisdiction rather than for failure to state a claim are proper is when the allegations of the complaint are frivolous or made solely to obtain federal jurisdiction. *Id.* at 682–83, 66 S.Ct. at 662. There is no claim here that FERRE's allegations in Count II were frivolous or made solely to obtain federal jurisdiction. Accordingly, this Court finds that Count II provides an independent jurisdictional basis for the counterclaim.

## II.

Having determined its jurisdiction, this Court now considers the merits of defendant FERRE's counterclaim. At the outset, the Court observes that for purposes of plaintiffs' Rule 12(c) motion for judgment on the pleadings all well-pleaded allegations of the counterclaim must be accepted as true. *Cash v. Commissioners of Internal Revenue,* 580 F.2d 152, 154 (5th Cir. 1978). In addition, the allegations of the counterclaim must be construed favorably to the pleader. 5 Wright and Miller, *Federal Practice and Procedure,* § 1368 at 693 (1969). Although as previously stated plaintiffs' 12(c) motion essentially raises a Rule 12(b)(6) defense by challenging the legal basis of the counterclaim, the Court notes that the standard of review employed for Rule 12(b)(6) motions is considered

nearly identical to the standard set forth above for ruling on 12(c) motions. *See* 5 Wright and Miller, *supra,* § 1368 at 691. With this standard in mind, each of the counts of the counterclaim will be dealt with seriatim.

*Count I: Abuse of Process*

The gravamen of FERRE's counterclaim is that plaintiffs are engaged in "a 'vendetta' against [FERRE] which is part of an effort ... to humiliate, embarrass and disgrace [him], to drive him from office as Mayor of Miami, and to exert their influence and manipulate public opinion." As part of this "vendetta" FERRE alleges in Count I that plaintiffs have abused process by:

(1) Their wrongful filing of the instant lawsuit and the issuance and service of process in connection therewith;

(2) Their subsequent complaint to the state attorney's office, made maliciously and without probable cause, seeking criminal prosecution of FERRE for his alleged destruction of public records;

(3) Their wrongful seeking in the instant lawsuit of an injunction to enjoin FERRE from further destruction of public records;

(4) Their failure to follow, prior to commencing this lawsuit, the proper procedures under the Records Act for making a public records request.

▮ A cause of action for abuse of process, however, requires both allegations of a willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, *Cline v. Flagler Sales Corp.,* 207 So.2d 709, 711 (Fla. 3d DCA 1968); and that the act or acts constituting the misuse occur *after* the process is issued. *McMurray v. U-Haul Co., Inc.,* 425 So.2d 1208, 1209 (Fla. 4th DCA 1983); *see Blue v. Weinstein,* 381 So.2d 308, 311 (Fla. 3d DCA 1980). As a preliminary matter, therefore, it is clear that FERRE's contentions that plaintiffs have abused process by commencing this lawsuit and by failing to follow procedures under the Records Act before this lawsuit was com-

menced, fail to state a claim for relief insofar as neither involves the requisite allegation of *post*-issuance of process abuse. Moreover, while FERRE's two remaining contentions do challenge actions taken after issuance of process in this lawsuit this Court finds for the following reasons that they also fail to state a claim for abuse of process.

■ In support of his contention that plaintiffs' allegedly malicious complaint to the State Attorney constitutes an abuse of process, FERRE relies solely upon the case of *Bradley v. Peaden,* 347 So.2d 455 (Fla. 1st DCA 1977). He cites *Bradley* for the proposition that "where a plaintiff uses the civil process as a foothold to cause a criminal prosecution to commence, and does so to gain undue advantage in the civil case, or exact wrongful pressure, it is abuse of process." However, as plaintiffs correctly note, *Bradley* stands for no such proposition, nor is this Court aware of any authority that does. *Bradley* did not involve a civil proceeding, but rather alleged the abuse of criminal process to coerce payment of a civil debt or the return of property. In the instant case, plaintiffs' complaint did not result in the issuance of any criminal process and, in the view of this Court, is unrelated to the issuance of process in the civil suit. As plaintiffs' complaint to the State Attorney, however malicious, did not involve any improper use of the *civil* process it fails to state a claim for abuse of process.

■ Similarly unavailing is FERRE's contention that plaintiffs' seeking of a preliminary injunction based upon allegedly improper motives constitutes abuse of process. As plaintiffs argue, an improper motive by itself is not sufficient, what is needed is the allegation of a collateral, coercive effect. As the court in *McMurray* explains:

> An abuse of process arises only when there has been a perversion of court processes to accomplish some end which the process was not intended by law to accomplish, or which *compels the party against whom it has been used to do*

> *some collateral thing which he could not legally and regularly be compelled to do.* 425 So.2d at 1209, n. 4 (citations omitted) (emphasis added).

This court, therefore, agrees with plaintiffs that in order to state a claim for abuse of process, FERRE would have to allege that plaintiffs sought the preliminary injunction in this lawsuit in order to coerce FERRE into taking some collateral action not properly involved in the proceeding, i.e., an action other than the intended one of preserving public records. As there is no allegation of coercion, FERRE has failed to state a claim for abuse of process. Accordingly, judgment on the pleadings as to Count I should be entered.

*Count II: Violation of Constitutional Right to Privacy*

In Count II, FERRE asserts that plaintiffs' actions, in seeking access to the documents in question, violated his "constitutional right to privacy . . . as guaranteed by the first, fourth and fourteenth amendments to the United States Constitution, and Article I, Section 23 of the Florida Constitution." This assertion, however, fails as a matter of law to state a claim for relief insofar as the actions of plaintiffs do not constitute the requisite "state action."

■ As the Supreme Court has explained:

> As a matter of substantive constitutional law the state action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringements by governments.'

*Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982) quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The constitutional right to privacy, "while defying categorical description," has been held to emanate from the due process clause of the Fourteenth Amendment, *Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976), and because that Amendment "is directed at the States, it

can be violated only by conduct that may be fairly characterized as 'state action' ". *Lugar*, 457 U.S. at 925, 102 S.Ct. at 2747. In other words, while "any person with sufficient physical power may deprive a person of his property, only a state *or a private person whose* action 'may be fairly treated as the state itself' may deprive him of an interest encompassed within the Fourteenth Amendment's protection. *Flagg Bros.*, 436 U.S. at 157, 98 S.Ct. at 1734, quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453–54, 42 L.Ed.2d 477 (1974) (emphasis added). Similarily, the right to privacy as guaranteed by the Florida Constitution is only protected from "governmental intrusion." Fla. Const., Art. 1, § 23. Thus, "state action" is a necessary predicate for any claim of a violation of a constitutional right to privacy under the Florida and United States Constitutions.

■ Having carefully reviewed Count II, however, this Court agrees with plaintiffs that FERRE has not made, nor can he make, the necessary allegations of governmental interference with his constitutional right to privacy. FERRE's allegations challenge purely private action which this Court is satisfied "cannot be fairly attributable to the state". *Lugar*, 457 U.S. at 938, 102 S.Ct. at 2754.

Specifically FERRE complains of plaintiffs' alleged misuse and abuse of state law and procedure, i.e., their demands, under the Records Act, for access to the documents in question, their subsequent filing of this lawsuit and their complaint to the State Attorney's Office, all allegedly done with malicious intent or other improper motive.

■ Regardless of how improper plaintiffs' conduct was, however, it was not the conduct of the state. Contrary to FERRE's assertion, an allegation of private misuse or abuse of a state statute or procedure does not describe conduct that can be attributable to the State. As the Supreme Court held in *Lugar:*

> The conduct of which petitioner complained could not be ascribed to any governmental decision ... that respondents invoked the state statute without the grounds to do so could in no way be attributed to a state rule or decision ... but challenges only private action. 427 U.S. at 940, 102 S.Ct. at 2755.

Accordingly, this Court finds that FERRE has failed to allege the requisite "state action" to maintain his claim for invasion of privacy. In so holding, this Court need not address plaintiffs' additional argument that, even if the state action requirement was met, FERRE has still failed to state a claim for violation of his constitutional right of "disclosural privacy."

### Count III: Malicious Threats

■ In Count III, FERRE alleges a cause of action for malicious threats by asserting that plaintiffs have threatened him with jail; have threatened to accuse him and have accused him of a criminal violation of the Records Act; and have threatened "injury to the person, property or reputation of Ferre." FERRE contends that these alleged threats constitute a violation of Section 836.05, Florida Statutes, which makes it a felony to maliciously threaten to accuse another of any crime or offense with the intent to extort money or any pecuniary advantage or to compel another to do, or refrain from doing, an act against his will. Section 836.05, however, does not expressly provide for a private right of action nor, plaintiffs argue, does the statute create a private right of action by implication.

This Court agrees with plaintiffs that Judge Pearson's concurring opinion in *Roger Rankin Enterprises, Inc. v. Green*, 433 So.2d 1248 (Fla. 3d DCA 1983) is persuasive authority for the proposition that in enacting § 836.05 the Florida Legislature did not intend to create a private civil cause of action. To briefly summarize, in *Rankin*, Judge Pearson reasoned that there was no private right of action implied under the criminal bad check provisions of § 832.05, Florida Statutes, as had the Legislature intended to create a private right of action

under the statute it would have expressly provided for one, as it did under the criminal theft statute § 812.035, Florida Statutes. Judge Pearson's reasoning is equally applicable to § 836.05 which is similarly devoid of any suggestion that the legislature intended to create a private civil cause of action for damages. Accordingly, as there is no private right of action under § 836.05, this Court finds judgment on the pleadings should be entered as to Count III.

*Count IV: Interference with Right to Hold Office*

■ In Count IV, FERRE alleges that plaintiffs have tortiously interfered with his right to hold office as Mayor of Miami by, among other things, threatening to put FERRE in jail, and making "false, misleading and inaccurate charges" about him.

Plaintiffs, however, relying on the case of *Faulk v. Allen,* 152 Fla. 413, 12 So.2d 109 (1943), maintain that under Florida law the existence of the tort requires an actual removal from office. In *Faulk,* the Florida Supreme Court held that a cause of action for wrongful removal from office is limited to injury for the unexpired portion of a term. *Id.* at 110–11. FERRE, on the other hand, maintains that the tort is not dependent on his removal from office. FERRE refers to § 865 of the *Restatement (Second) of Torts* (1979) in support of his argument that an allegation of a serious interference with the right to hold office is sufficient to state a cause of action.

Having reviewed § 865 and the cases cited therein, however, this Court finds FERRE's argument to be without merit in that the cases reflect that this tort has only been established by public officials who were either denied or removed from public office. Therefore, plaintiffs' reliance on *Faulk* is not misplaced and they are correct in concluding that while FERRE remains in office, "his cause of action, if any, remains unaccrued." As FERRE has not been removed from his office as Mayor, he has suffered no compensable injury and thus fails to state a claim for relief. According-

ly, judgment on the pleadings should be entered as to Count IV.

*Count V: Malicious Prosecution*

In Count V, FERRE alleges a claim for malicious prosecution based upon plaintiffs having "instigated and caused a criminal proceeding to be commenced by the State Attorney's Office ... [which proceeding was allegedly] terminated in favor of FERRE when the State Attorney's Office published its decision declining to file an information."

■ The parties are in agreement that in order to state a cause of action for malicious prosecution, six elements must be alleged:

(1) The commencement or continuance of a civil or criminal proceeding;

(2) The defendant commenced or caused the commencement of the proceedings;

(3) The bona fide termination of the civil or criminal proceedings in favor of the plaintiff;

(4) Lack of probable cause for the proceedings;

(5) The defendant acted with malice; and

(6) Damage to the plaintiff.

*S.H. Kress & Co. v. Powell,* 132 Fla. 471, 180 So. 757, 762 (1938). Moreover, all six elements must be alleged in order to maintain the action. *Kalt v. Dollar Rent-a-Car,* 422 So.2d 1031, 1032 n. 2 (Fla. 3d DCA 1982). While FERRE has alleged the final three elements of lack of probable cause, plaintiffs' malice and damage, this Court finds that he has not, and cannot, allege the crucial first element that a criminal proceeding was in fact commenced. Consequently, he also fails to allege the second and third elements of causation or a bona fide termination of the proceedings.

■ FERRE erroneously concludes that a criminal proceeding was commenced during the course of the State Attorney's investigation of plaintiffs' criminal complaint due to the fact that a case number was assigned, subpoenas were issued, sworn testimony was taken and FERRE was required to sign a formal waiver of immunity. However, it is undisputed that FERRE was not arrested or indicted and that an

**978**

information was never filed. Therefore, there was no commencement of a criminal proceeding and no cause of action for malicious prosecution, as Florida follows the general rule that:

> Criminal prosecutions are commenced with the filing of an information or indictment based upon a charge decision made by a state attorney or grand jury, or at least an arrest pursuant to a summons or arrest warrant issued by a committing magistrate.

*Erp v. Carrol,* 438 So.2d 31, 40 (Fla. 5th DCA 1983) (footnotes omitted); *see also, Restatement (Second) of Torts,* § 654 (1976). Accordingly, judgment on the pleadings as to Count V should be entered.

In conclusion, as this Court finds that each count of FERRE's counterclaim fails to state a claim under which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), it is herein,

ORDERED, ADJUDGED and DE-CREED that plaintiffs' motion for judgment on the pleadings be, and it is, GRANTED. The counterclaim is hereby DISMISSED.