PER CURIAM.
Lavis Plumbing Services appeal a final judgment which found against plaintiff on the complaint and counterclaim. The jury awarded the defendants compensatory damages after finding that Lavis had violated sections 777.011, 777.04, and 843.08[1] of the Florida Statutes. While we respectfully honor the findings of the circuit court and affirm the denial of plaintiff’s claim, we reverse the counterclaim recovery. The ultimate facts upon which the counterclaim was based did not support a proper claim for which relief could be granted.
At the death of its founder, Lavis Plumbing Services, a Florida corporation, was acquired by Milton S. Jennings. The company’s primary operations involved digging wells and installing sprinkler systems as well as general plumbing repairs and in *297 stallations. In 1978 Lavis promoted a longtime employee, Claude T. Johnson, to general manager. The promotion included membership on the board of directors and a vice presidency.
Although Johnson was relied upon to run the company in Jennings’ absence, he was terminated from his position with Lavis in July 1982. The company filed suit against him alleging fraud, misappropriation and conversion of Lavis property. The complaint further alleged that Johnson, through self-dealing contracts, secretly profited from contracts with his employer. Lavis sought money damages in addition to the imposition of a constructive trust upon the house recently constructed by the John-sons in Goulds, Florida.
During pendency of the suit, the Johnson home was burglarized. As publicized in the Miami Herald, two boxes of records, $5,000 in cash and a large chandelier were taken. It was this incident which allegedly prevented Johnson from substantiating his personal expenditures for the construction of the house in Goulds.
At Lavis, Johnson’s temporary replacement, John Pennell, attempted to gain a copy of the burglary report to verify the loss of records. Lacking a case number, his efforts were thwarted until a call was made to the Johnson home. Identifying himself as a police officer working on the burglary investigation, Pennell asked the teenage daughter who answered to have Mrs. Johnson return his call. He left a Lavis business number. When Mrs. Johnson called that number, Pennell answered and once again identified himself as a police officer who needed the burglary report case number in order to question two suspects taken into custody. Complying with his request, Mrs. Johnson gave him the number and asked that the Johnsons be kept apprised of his progress. When they did not hear from the “officer”, Mrs. Johnson again called the number formerly given. This time it was answered, “Lavis-Pen-nell.”
Alleging that this misrepresentation of a police officer by a Lavis employee, following the traumatic invasion of their home by burglars, caused the entire family to be in fear for their safety, the Johnsons filed a counterclaim. Lavis allegedly violated sections 777.011, 777.04 and 843.08, Florida Statutes, which caused the Johnsons to suffer fear, emotional distress and extreme mental anguish. Claude and Reba Johnson sought monetary relief for their injuries.
At trial the jury found that Lavis, by and through its employees, had falsely perso-nated a police officer, (section 843.08), as well as solicited, (section 777.04), aided, abetted, counseled, hired, or otherwise procured, (section 777.011), said criminal offense to be committed. For the resulting emotional injuries suffered, the jury awarded Claude T. Johnson $7,000 and Reba Johnson $3,500. This appeal by Lavis followed.
By the instructions given the jurors, if they found that an employee of Lavis had “pretended to be a police officer ... to the detriment of the Johnsons” and if they found that this activity was the “cause” of “any injury or damage to the Johnsons,” the jury was directed to enter an affirmative verdict on the counterclaim for Claude and/or Reba Johnson.
In order to recover civilly for a cause of action founded in the violation of a penal statute, the injury sued for must be shown to have been proximately caused by the alleged misconduct. Gilman v. Central Vermont R. Co., 93 Vt. 340, 107 A. 122 (1919). Here, where communications with the “officer” were separated in person and time from the alleged injuries, it cannot be said that the injuries were proximately caused by the personation.
Indeed, before any proper and viable cause of action for intentional infliction of mental distress arises in Florida, there must first of all be an independent tort, a factor absent here. LaPorte v. Associated Independents, Inc., 163 So.2d 267 (Fla. 1964); Slocum v. Food Fair Stores of Florida, 100 So.2d 396 (Fla.1958); Kirksey v. Jemigan, 45 So.2d 188 (Fla.1950); Boyles v. MidFlorida Television Corp., 431 So.2d 627, 636 (Fla. 5th DCA 1983).
*298 The award recovered by the Johnsons was also erroneous when the impact rule is properly applied to the facts, for in order to maintain an action, a person who has suffered definite and objective physical injury as the result of emotional stress induced by another’s negligent conduct must have experienced a physical impact.
The impact rule requirement of a significant discernible physical injury was reinforced by the Florida Supreme Court in Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974) (fear for one’s own safety induced by another’s negligent conduct is not actionable) and, in Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla.1985) (there is no cause of action for psychological trauma alone when resulting from simple negligence). A modification of the rule was established with the court’s decision in Champion v. Gray, 478 So.2d 17 (Fla. 1985). Limiting its application to a cause of action within the factual context of that case, the court held: “[T]he price of death or significant discernible physical injury, when caused by psychological trauma resulting from negligent injury imposed upon a close family member within the sensory perception of the physically injured person, is too great a harm to require direct physical contact before a cause of action exists.” Champion, 478 So.2d at 18-19. The John-sons experienced neither death nor physical injury.
Consequently, absent a proper and viable cause of action for intentional infliction of mental distress, it is improper to allow recovery on behalf of a former employee against his former employer for mental pain and suffering. S.H. Investment & Development Corp. v. Kincaid, 495 So.2d 768 (Fla. 5th DCA 1986); Florida Public Utilities Co. v. Large, 493 So.2d 491 (Fla. 4th DCA 1986).
Nor may there be a recovery for emotional distress in the absence of “out-rageousness”, {Food Fair, Inc. v. Anderson, 382 So.2d 150 [Fla. 5th DCA 1980]; Gellert v. Eastern Air Lines, Inc., 370 So.2d 802 [Fla. 3d DCA 1979]), or the lack of specific intent to inflict such distress. Gibson v. Greyhound Bus Lines, Inc., 409 F.Supp. 321 (M.D.Fla.1976).
Under Florida law, a mere violation of the penal statutes does not give rise to liability per se. Tourismart of America, Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986). As explained in a concurring opinion to Roger Rankin Enterprises, Inc. v. Green, 433 So.2d 1248, 1250 (Fla. 3d DCA 1983), there must be a finding, from reviewing the announced statutory purpose of a criminal statute, that the statute:
“... although penal in nature, plainly imposes a duty for the benefit of an especial class of individuals.” Rosenberg v. Ryder Leasing, Inc., 168 So.2d [678] at 680 [(Fla. 3d DCA 1964)].
As stated in its initial enactment in 1868, section 843.08, Florida Statutes, was not intended by the Legislature to protect a particular class. Rather, in Chapter 1,637, [sub]Chapter VI, Laws of Florida (1868), a variety of crimes were enumerated under the heading of “Offenses Against Public Justice,” including, at section 18, the predecessor to section 843.08. While the statute has been amended a number of times, the only modifications made have been to the names of law enforcement agency officials being impersonated. Since the stated statutory purpose was and remains protection of the “public justice” and not the protection of a “special class,” as required by Roger Rankin Enterprises, 433 So.2d at 1250, and Rosenberg v. Ryder Leasing, 168 So.2d at 680, we cannot glean from the statute any purpose to benefit any “especial,” identifiable class.
Accordingly, we affirm the denial of plaintiff's claim and reverse the judgment on the counterclaim.
Affirmed in part, reversed in part.

. Section 843.08, Falsely personating officer, etc., provides:
Whoever falsely assumes or pretends to be a sheriff ... police officer ... and takes upon himself to act as such ... shall be deemed guilty of a misdemeanor of the first degree. ...