[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14124

Non-Argument Calendar

_____

EDWARD RAYMOND,

Plaintiff-Appellant,

*versus*

HILLSBOROUGH COUNTY,
a government entity,
FLORIDA, HILLSBOROUGH COUNTY SHERIFF'S OFFICE,
a government entity,
et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01404-TPB-CPT

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Raymond, proceeding *pro se*, appeals the district court's order dismissing his complaint with prejudice because the named defendant Hillsborough County Sheriff's Office ("HCSO") was not a proper party and denying him leave to amend because amendment would be futile, as he failed to allege sufficient facts to state any claim for relief.

**I.**

We review a district court's order granting a motion to dismiss for failure to state a claim *de novo*. *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The

complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim is facially plausible when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *STME, LLC*, 938 F.3d at 1313 (quotation marks omitted). Plausible facts "raise a reasonable expectation that discovery could supply additional proof of [a defendant's] liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The district court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

"Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations and quotation marks omitted). Under Florida law, "[t]he state or its subdivisions are not liable in tort for the acts or omissions of an officer . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of

human rights, safety, or property." Fla. Stat. § 768.28(9)(a). We have concluded that state law claims for intentional infliction of emotional distress and malicious prosecution against a sheriff's office were barred by sovereign immunity under Florida law. *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1330 (11th Cir. 2015).

"Although the Supreme Court has held that local government may be subject to liability under § 1983, a plaintiff cannot rely upon the doctrine of respondeat superior to hold the government liable." *Id.* at 1328. A plaintiff must "establish that the government unit has a 'policy or custom' that caused the injury. *Id.* (reviewing § 1983 claims against a sheriff's office).

"[We] may affirm the judgment of the district court on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Here, the district court did not err by dismissing Raymond's complaint because it correctly determined that the HCSO does not have the legal capacity to be sued under Florida law as to his state law claims for false arrest, kidnapping, intentional infliction of emotional distress, and malicious prosecution. Any error by the district court in determining that the HCSO did not have the legal capacity to be sued under federal law was harmless. As discussed below, the district court, in denying leave to amend, correctly concluded that Raymond failed to allege sufficient facts to state a claim for relief as to his federal claims.

## II.

We review for an abuse of discretion the denial of leave to amend a complaint but review *de novo* "the underlying legal conclusion of whether a particular amendment to the complaint would be futile." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093-94 (11th Cir. 2017) (quotation marks omitted).

Generally, a plaintiff proceeding *pro se* must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so before the district court dismisses a complaint with prejudice. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132-33 (11th Cir. 2019) (noting that in some situations, further leniency—or "an extra dose of grace"—may be warranted "in recognition of the difficulty in proceeding *pro se*"). A district court need not allow amendment in the event of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). "In other words, the question is whether the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Id.* (quotation marks omitted).

Section 1983 provides a cause of action for private citizens against government actors for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. In order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid in a § 1983 action, a plaintiff must show that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (applying this framework to a § 1983 suit seeking monetary and punitive damages). If this type of § 1983 action is brought before the challenged conviction or sentence is invalidated, it must be dismissed. *Id.* at 487. Thus, the district court considers whether a favorable judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* If the outcome would imply invalidity, then the plaintiff's complaint must be dismissed unless the plaintiff can establish that the conviction or sentence was already invalidated. *Id.*

In *Dyer v. Lee*, we clarified that for *Heck* to apply, a successful § 1983 suit and the underlying conviction must be logically contradictory such that the § 1983 suit would negate the conviction. 488 F.3d 876, 879-80, 884 (11th Cir. 2007). We ask whether "it is *possible* that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1193 (11th Cir. 2020) (quotation marks omitted). The *Heck*

doctrine only applies when the "invalidation of a conviction or speedier release would . . . automatically flow from success on the § 1983 claim." *Id.* (quotation marks omitted).

In *Hughes v. Lott*, we stated that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, *Heck* does not generally bar such claims." 350 F.3d 1157, 1161 (11th Cir. 2003) (citation and footnote omitted).

A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010). The existence of probable cause at the time of arrest serves as an absolute bar to a false arrest claim. *Id.*; *see also District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (holding that an arrest is justified where "a reasonable officer could conclude . . . that there was a substantial chance of criminal activity" (quotation marks omitted)); *Garcia v. Casey*, 75 F.4th 1176, 1180 (11th Cir. 2023) (affirming that the "test in *Wesby* should be applied to answer whether probable cause exists for an arrest or qualified immunity prevents liability for a false arrest claim").

"[T]he any-crime rule . . . insulates officers from false-arrest claims so long as probable cause existed to arrest the suspect for *some* crime, even if it was not the crime the officer thought or said had occurred." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020). In contrast, "the any-crime rule does not apply to claims of malicious prosecution under the Fourth Amendment." *Id.* at 1162.

"In order to establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (quotation marks omitted, alteration adopted).

"The constituent elements of the common law tort of malicious prosecution include: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* (quotation marks omitted, alterations adopted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39, 49 (2022) (remanding for further consideration in the first instance of "additional questions that may be relevant on remand, including whether [the plaintiff] was ever seized as a result of the alleged malicious prosecution, whether he was charged without probable cause, and whether respondent is entitled to qualified immunity").

Under Florida law, *nolo contendere* pleas are considered convictions. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its

jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation marks omitted). "A successful equal protection claim under the Fourteenth Amendment requires proof of *both* an intent to discriminate and actual discriminatory effect." *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1321 (11th Cir. 2021).

"A supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains." *Belcher v. City of Foley*, 30 F.3d 1390, 1397 (11th Cir. 1994) (quotation marks omitted). "Only when the failure to train amounts to 'deliberate indifference' can it properly be characterized as the 'policy' or 'custom' that is necessary for section 1983 liability to attach." *Id.* "Failure to train can amount to deliberate indifference when the need for more or different training is obvious, such as when there exists a history of abuse by subordinates that has put the supervisor on notice of the need for corrective measures, and when the failure to train is likely to result in the violation of a constitutional right." *Id.* at 1397-98 (internal citations omitted).

The district court did not err by determining that Raymond's claims of malicious prosecution and "abuse of process" by way of malicious prosecution were barred by the *Heck* doctrine

because Raymond pled *nolo contendere* to state misdemeanors, which count as convictions under Florida law, and the success of his civil claims would necessarily imply the invalidity of his underlying convictions. The district court erred by determining that Raymond's claims of unreasonable search and seizure, a racial discrimination and equal protection violation, and deliberately indifferent policies resulting in failure to train were barred by the *Heck* doctrine because the claims would not necessarily imply the invalidity of Raymond's underlying convictions. However, we may affirm on any ground supported by the record, and the district court correctly concluded that Raymond failed to allege sufficient facts to state a claim for relief as to any of these claims because he did not allege sufficient facts to show that the officers' actions were objectively unreasonable and malicious, the officers had an intent to discriminate, and there was a history of abuse putting a supervisor on notice. Further, the court did not err when it found that amendment would be futile because Raymond did not indicate—either in the district court or in his appellate brief—that he could amend his pleading to include such allegations.

### III.

"[P]robable cause constitutes an absolute bar to both state and § 1983 claims alleging false arrest . . . ." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). A criminal defendant's *nolo contendere* plea acts as acknowledgement by the defendant that probable cause exists "unless it be shown that the judgment was obtained by fraud, perjury, or other corrupt means." *Stephens*,

852 F.3d at 1319-20 (quotation marks omitted and alteration adopted).

In Florida, the tort of intentional infliction of emotional distress requires the Plaintiff to prove the following elements: "(1) [t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior and he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3rd Dist. Ct. App. 2004) (quotation marks omitted).

Florida law requires the following showing for a malicious prosecution claim:

> In order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

Federal law does not create a "private right of action any time a civil plaintiff" alleges the violation of a federal criminal statute. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1302-03 (11th Cir. 2008).

"Under Florida law, a mere violation of the penal statutes does not give rise to liability per se." *Lavis Plumbing Servs., Inc. v. Johnson*, 515 So. 2d 296, 298 (Fla. 3d Dist. Ct. App. 1987). Instead, it "remains for the Legislature to create a private cause of action." *Mailloux v. Briella Townhomes, LLC*, 3 So. 3d 394, 396 (Fla. 4th Dist. Ct. App. 2009).

Here, the district court did not err by determining that Raymond failed to allege sufficient facts to state a claim as to his state law claims and that amendment of these claims would be futile. Because Raymond pled *nolo contendere* to his underlying criminal charges, this precluded his false arrest and malicious prosecution claims. Additionally, he failed to allege facts sufficient to show the officers' intent, how their conduct was outrageous, and that his emotional distress was severe. With respect to Raymond's claim of a Second Amendment violation pursuant to § 1983 (assuming *arguendo* that there is a cognizable civil claim for a Second Amendment violation pursuant to § 1983), Raymond pled *nolo contendere* and admitted that there was probable cause for the search, and thus Raymond would not be able to plead facts sufficient to show any violation of the Second Amendment for his claim, even if he were permitted the chance to amend his complaint. Because there are no cognizable civil actions for Florida kidnapping and criminal

24-14124                    Opinion of the Court                    13

violation of postal laws pursuant to 18 U.S.C. § 1703, the district court also did not err in dismissing these claims.

**AFFIRMED.**