BARNS, PAUL D., Associate Judge.
Appellant, by petition, sought to intervene as a defendant in an action of replevin and this is an appeal from the order denying the petition. We find error and reverse.
*731 This replevin action, without writ, was brought by Geiger Distributors, Inc., against seventeen (17) defendants concerning twenty-two (22) central air-conditioning systems. The purchase price was $17,552.00 on which there remains a balance of $5,93.8.00. The balance due on each of the separate systems is not stated. The complaint alleges that the '“defendants wrongfully detained from the plaintiff” the twenty-two systems and that the plaintiff has made demand on the defendant Townhouse Development Corp. for the return of the property.
The appellant-petitioner states in her petition to intervene that she is the owner in fee simple of one house in which is located one of the systems and that she has mortgages on the other properties in which the systems are located. Appellant’s brief states that she is in possession of sixteen (16) of the twenty-two (22) homes involved and has mortgages in process of foreclosure on the other six. No brief has been filed by any appellee.
The plaintiff, by its replevin action, without writ, is seeking a judgment against the defendants for wrongful detention of the systems and a judgment for the return of the property from the defendants, or its value.
Replevin with Writ, § 78.01, F.S.A.,[1] provides for an action of replevin by one whose goods and chattels are “wrongfully detained” by a defendant and for the recovery of damages sustained by reason of the “wrongful caption or detention.” Sections 78.05-78.07, F.S.A., provide that the writ of replevin for the property may issue at the commencement of the action upon giving bond to have the property forthcoming if “defendant recover judgment against him in the action;” and § 78.08, F.S.A. provides that the writ shall “command the officer to whom it may be directed to replevy the [specific] goods and chattels in possession of the defendants.”
Replevin with Summons. Section 78.01, F.S.A. also authorizes the commencement and prosecution of a replevin action with summons, without an in limine writ for the seizure of the goods and chattels, but for a writ of replevin to be issued after final judgment “for the property itself and against the defendant” (§ 78.19, F.S.A.). The property replevined must be in the actual or constructive possession of the de-fendani (or one who can be made a defendant as per § 78.11, F.S.A.). The property is not in custodia legis until it is seized by the writ of replevin or like process. ¡
Our replevin statutes combine the common law qualities of both detinue and replevin.' We have two forms of procedure and method prescribed for recovery of a chattel, whether the grievance be the mere wrongful detention or an unlawful taking and wrongful detention; and to this is adopted the action of replevin for seizing the property at the institution of the suit as in replevin at common law or seizure after judgment as in detinue at common law. Detinue and replevin, as they are distinguished each from the other, are, for all practical purposes, superseded by the statutory substitute designed to answer the aims and end of both; and to such combination, the beneficial incidents of either of the *732 old remedies will be held to attach to the statutory system.
 Ordinarily intervention in actions at law are not permitted since the plaintiff may elect who he wishes to sue at his own risk; however, when, in a possessory action, there is privity of title, as between the petitioner-appellant and the plaintiff, and the plaintiff claims the right to possession of the chattels which are, to a degree, in the possession of the appellant and are held adversely to the plaintiff, we find it was error not to grant the petition and allow the petitioner to intervene as a party defendant. To hold otherwise would be conducive to waste of judicial effort since the plaintiff could have no relief as to the property in possession of the petitioner, when she 'is not a party to the action and her rights as against the plaintiff could not be determined.
Reversed with direction that the appellant be allowed to intervene as a defendant and file her answer.
SHANNON, Acting C. J., and SMITH, J., concur.

. “Any person, when goods or chattels may be wrongfully detained by any other person or officer, may have under the circumstances and in the manner provided in this chapter, a writ of replevin for the recovery thereof, and for the recovery of the damages sustained by reason of the wrongful caption or detention. Or such person may at his election institute an action seeking like relief, but with summons to the defendant instead of writ, for the seizure of the property, in which event no bond shall be required of him, and seizure of the property involved shall be had only after judgment, such judgment to be in like form and tenor as that now provided for when defendant shall have retaken the property upon forthcoming bond; and provided further that notice of lis pendens to charge third persons with knowledge of plaintiffs claims upon such property may be filed and recorded as in other actions.’'