377 So.2d 976 (1979)
PARLIAMENT TOWERS CONDOMINIUM, Appellant,
v.
PARLIAMENT HOUSE REALTY, INC., et al., Appellees.
Nos. 78-247, 78-772.
District Court of Appeal of Florida, Fourth District.
October 24, 1979.
Rehearing Denied January 10, 1980.
*977 Morris C. Tucker and Henry J. Prominski, of Tucker & Prominski, P.A., Fort Lauderdale, for appellant.
Maurice M. Garcia of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee, Parliament House Realty, Inc.
Jeanne Heyward, and Knight, Peters, Pickle, Niemoeller & Flynn, Miami, for appellee, Richard C. Reilly.
GEIGER, DWIGHT L., Associate Judge.
Appellant, a condominium association, filed suit on behalf of its tenant owners. Named as defendants were Parliament House Realty, Inc., alleged to be a dissolved Florida corporation; Louis Bianculli, Bernard Scheinholz, and Arthur Scheinholz, individually and as the last named board of directors of the corporation; and architect Richard C. Reilly. The five count fourth amended complaint contained the following:
(1) Count I: action for specific performance to compel Appellees to convey title to a condominium unit and furnishings therein.
(2) Count II: action for specific performance to compel conveyance of personalty by bill of sale.

*978 (3) Count III: action for damages for breach of implied warranty seeking judgment against the corporation which built the condominium and Messrs. Scheinholz, Scheinholz, and Bianculli as trustees of the allegedly dissolved corporation and in their individual capacity.
(4) Count IV: action for damages for negligence seeking judgment against the corporation which built the condominium and Messrs. Scheinholz, Scheinholz, and Bianculli as trustees of the allegedly dissolved corporation and in their individual capacity.
(5) Count V: action for negligence against the architect who designed and supervised construction of the condominium, Richard C. Reilly.
Counts III, IV and V sought recovery for both the original and secondary purchasers of condominium units.
A motion to dismiss the fourth amended complaint was filed by Appellees. The trial court entered orders dismissing Counts I, II, and V with prejudice and dismissing Counts III and IV as to secondary purchasers with prejudice. A subsequent motion for summary judgment directed to the issue of individual liability was filed by Scheinholz, Scheinholz, and Bianculli. Said motion was granted. Both orders were timely appealed and consolidated in this case.
As to Counts I and II we are of the opinion that Appellant's complaint does not state a cause of action and that the dismissals are proper and should be affirmed. Likewise, we find no substantial issue of fact on the question of individual liability of Appellants Scheinholz, Scheinholz, and Bianculli, and affirm the trial court's granting the motion for summary judgment in Appellees' favor.
Dealing with the question presented by the trial court's dismissal of Count III as to secondary purchasers, we find that this issue has been completely explored by our sister court in the case of Strathmore Riverside Villas Condominium Association, Inc. v. Paver Development Corp., 369 So.2d 971 (Fla. 2d DCA 1979). The court there discussed the propriety of extending implied warranties to remote purchasers other than the original purchasers of new condominium homes and held that such warranties do not extend further than to original purchasers. We affirm the dismissal of Count III as to secondary purchasers on authority of Strathmore.
As to Count IV wherein the trial court dismissed a negligence claim against the builders as to secondary purchasers and Count V wherein the trial court dismissed a negligence claim against the architect in toto, we feel that the trial court was in error. We have carefully reviewed the law on this point and find that privity of contract is not an essential element in a negligence suit between a subsequent purchaser and the builder of a condominium project. Likewise privity of contract between an architect who designs and supervises construction of a condominium project and a subsequent purchaser of a condominium unit is not an essential element in order for the purchaser to recover damages in a negligence action against the architect. The question in both situations is one of foreseeability, and we find based upon the cases cited below, that damages sustained by secondary purchasers for negligence by the builder or architect are reasonably foreseeable. Since the damages are foreseeable, both the builder and the architect have a legal duty to use reasonable care to protect secondary purchasers from the type damages alleged in Appellant's Counts IV and V. Thus Counts IV and V state a cause of action. We reverse the trial court's dismissal both of Count IV as to secondary purchasers and Count V under authority of Navajo Circle, Inc. v. Development Concepts Corp., 673 So.2d 689 (Fla. 2d DCA 1979) and A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973).
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
ANSTEAD and MOORE, JJ., concur.