381 So.2d 315 (1980)
John Michael BUSH, Appellant,
v.
Burt BELENKE, Appellee.
No. 79-1174.
District Court of Appeal of Florida, Third District.
March 18, 1980.
*316 Bryson & Berman, Flynn, Rubio & Tarkoff, Miami, for appellant.
Orr, Nathan & Williams, Miami, for appellee.
Before HAVERFIELD, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
In this replevin action, John Bush, the plaintiff, appeals the entry of a summary final judgment for the defendant Burt Belenke.
John Bush filed the instant action for return of an emerald ring or, in the alternative, for damages. He alleged that he had given the ring to Burt Belenke to sell on a commission basis. Subsequently, Bush demanded return of the ring from Belenke who was unable to sell it, but refused to return it. In his answer, Belenke alleged that he never was personally in possession of the ring. He further alleged that the ring was in the possession of Belenke Co., Inc., d/b/a the House of Diamonds, of which he is a shareholder and corporate officer. Thereafter, on this ground Belenke moved for summary judgment. Bush filed an affidavit in opposition to the motion for summary judgment and stated that he dealt with Belenke as an individual who at no time represented himself to be acting on behalf of a corporation but rather made it a point that he (Bush) was dealing with him (Belenke) personally. After hearing argument of counsel, the trial judge entered summary final judgment for Belenke and Bush perfected this appeal.
A review of the record reflects that there remains genuine issues of material facts which necessitate a reversal. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966). For example, an issue exists as to whether Bush dealt with Belenke as an individual or as an agent for the House of Diamonds (Belenke Co., Inc.) when he gave Belenke the ring. Further, individual officers and agents of a corporation are personally liable to any third person even if such acts are performed within the scope of their employment or as corporate officers or agents. See Dade Roofing and Insulation Corp. v. Torres, 369 So.2d 98 (Fla.3d DCA 1979). In addition, in a replevin action, although possession by the defendant of the subject property is essential, actual manual possession is not necessary. It is sufficient if a defendant has constructive possession, that is has such control over the property that he may deliver the possession of it, if he so desires, as for example, where an agent holds property for his principal. See Miller v. Townhouse Development Corp., 178 So.2d 730 (Fla.2d DCA 1965); 66 Am.Jur.2d Replevin § 26 (1973). Although Belenke alleges he was acting as an agent for the House of Diamonds (Belenke Co., Inc.), an issue exists as to whether he has constructive possession of the ring which would preclude the entry of summary judgment.
Accordingly, the summary judgment entered for Belenke is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.