OTT, Judge.
Beaver Industries, Inc. appeals from a final judgment and from orders dismissing its first and second amended complaints with prejudice.
The primary issue raised by this appeal is whether the recording of a Claim of Lien under Section 713.08, Florida Statutes (1977), constitutes “legal action.”
Appellant, a subcontractor on a condominium development project, sought to recover from appellee, Westlake Development Corporation, as owner, the balance due to it from the general contractor. The court dismissed the complaint, ruling that the only meritorious count was that predicated on an indemnity contract contained in a letter from appellee to appellant dated July 17, 1974. In the letter, appellee guaranteed payment within thirty days of the balance due appellant from the general contractor, provided appellant did not take “legal action” to secure its account. The court declared that the condition was violated by appellant recording a claim of lien against appellee’s property within the thirty days. The amended complaint was dismissed on June 18,1979, with leave until June 22,1979 to amend.
On June 26, 1979, appellant filed its second amended complaint, realleging its claim under the indemnity contract with appellee. This complaint was dismissed with prejudice and final judgment was entered for appellee. The trial court cites two reasons for the dismissal with prejudice. First, it states that “[appellant’s] Second Amended Complaint was neither filed with the court nor served on the Defendant . by June 22, 1979, as required by the court’s order of June 18, 1979.” Second, that the court was “unable to find any additional meritorious claims not heretofore ruled upon by the court which would justify denial of the motion to dismiss.” We do not agree that dismissal with prejudice was proper on either of these grounds and therefore we reverse.
Under the indemnification contract with appellee, appellant promised forebearance from “legal action” for a thirty-day period. The indemnity contract was dated July 17,1974. On August 5,1974, appellant filed its claim of lien for the unpaid balancé of its contract. The foreclosure complaint was not filed until August 4, 1975.
We hold that, under the facts involved herein, the filing of a claim of lien is not “legal action.” The recording of a claim of lien pursuant to Section 713.08, Florida Statutes is a statutory prerequisite to the bringing of an action to enforce a statutory mechanic’s lien. An action to foreclose a mechanic’s lien commences, as with any other suit, when the complaint is filed in court, not when a subcontractor files a notice of intent to claim a lien with the owner. Corry Construction Co. v. Hector Construction Companies, Inc., 363 So.2d 1125 (Fla. 1st DCA 1978). Thus, appellant did not violate the conditional offer by filing its claim of lien.
We further hold that the late filing of the Second Amended Complaint by four days, standing alone, does not warrant dismissal with prejudice under the circumstances present here.
Accordingly, the final judgment and orders appealed from are reversed and the cause is remanded for further proceedings consistent with this opinion.
GRIMES, C. J., and SCHEB, J., concur.