388 So.2d 1279 (1980)
Bernard ADAMS (a Misnomer Whose Correct Name Is Bernard Abrams) et al., Appellants,
v.
BRICKELL TOWNHOUSE, INC., a Florida Corporation, Jerry A. Gross and Laurans A. Mendelson, Appellees.
No. 79-1877.
District Court of Appeal of Florida, Third District.
September 30, 1980.
*1280 Buchbinder & Elegant and Harris J. Buchbinder, Proby & Adkins, Miami, for appellants.
Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff and Rudolf F. Aragon, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appeal is taken from a final order[1] of the circuit court dismissing the individual appellees from plaintiffs' (appellants') action sounding in tort and contract. We affirm as to the counts stemming from the corporation's contractual duties; we reverse the individual appellees' dismissal as to the tort counts; finally, we remand to the trial court, with leave to appellants to amend their complaint.
Appellants are tenants at the Brickell Townhouse, formerly owned by the corporate appellee; the individual appellees are officers of the corporation. Suit arose from inconveniences imposed upon appellants by the process of extensive renovation instituted incident to condominium conversion. These inconveniences allegedly included
deprivation of water, electricity, air conditioning, elevator service, entrance into apartments without notice, breaking holes into apartment walls which are visible from common hallways, throwing about the tenant's property, damaging the tenant's personal property and performing work as early as 6:30 A.M.
Appellants' Amended Complaint contained four counts, alleging nuisance, breach of lease, trespass with malicious injury to property, and retaliatory eviction. Motion to Dismiss as to the individual appellees was granted on all counts on the basis of their status as "merely officers of said corporation."
This was error. Where a tort has been committed,
individual officers and agents of a corporation are personally liable to any third person even if such acts are performed within the scope of their employment or as corporate officers or agents. See Dade Roofing and Insulation Corp. v. Torres, 369 So.2d 98 (Fla. 3d DCA 1979).
Bush v. Belenke, 381 So.2d 315, 316 (Fla. 3d DCA 1980). CIC Leasing Corp. v. Dade County Linen and Furniture Co., 279 So.2d 73 (Fla. 3d DCA 1973).
The ruling below is defended on the ground that facts necessary to disregard the corporate entity ("pierce the corporate veil") were not alleged. It is true that no such allegations were made; however, none were necessary: One purpose of the corporate fiction is to insulate stockholders from liability for corporate acts; however, officers of a corporation are no less personally responsible for their tortious acts by virtue of those acts having been performed in the corporate name.
Reversed and remanded.
NOTES
[1] Fla.R.App.P. 9.030(b)(1)(A).