422 So.2d 1080 (1982)
NARANJA LAKES CONDOMINIUM NO. ONE, INC., Naranja Lakes Condominium No. Two, Inc., and Naranja Lakes Condominium No. Three, Inc., Appellants,
v.
S.A. RIZZO, Appellee.
No. 81-561.
District Court of Appeal of Florida, Third District.
December 7, 1982.
Haddad & Josephs and Michael Seth Cohen, Miami, for appellants.
William E. Schockett, Daniels & Hicks and Sam Daniels, Miami, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Appellants, Naranja Lakes Condominium No. One, Inc., No. Two, Inc., and No. Three, Inc., brought suit against their builder and developer, J & T Developers,[1] and S.A. Rizzo, individually, for construction defects. The action against Mr. Rizzo, a corporate officer, consisted of two counts sounding in tort and two counts sounding in contract. The trial court dismissed the entire complaint. We affirm in part and reverse in part.
The trial court correctly dismissed those counts sounding in contract as against Mr. Rizzo. Plaza del Prado Condominium Association, Inc. v. G.A.C. Properties, Inc., 295 So.2d 718 (Fla. 3d DCA 1974). The negligence issues, however, are controlled by our decision in Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980). In that case we stated, "One purpose of the corporate fiction is to insulate stockholders from liability for corporate acts; however, officers of a corporation are no less personally responsible for their tortious acts by virtue of those acts having been performed in the corporate name." Adams, supra, at 1280, and cases cited therein.
Appellee's contention that the appellants lack standing on a privity theory is in our view without merit. See Parliament Towers Condominium v. Parliament House Realty, Inc., 377 So.2d 976 (Fla. 4th DCA 1979). "[P]rivity of contract is not an essential element in a negligence suit between a subsequent purchaser and the *1081 builder of a condominium project." Id. at 978. See also A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973); Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689 (Fla. 2d DCA 1979).
Affirmed in part, reversed in part and remanded for further proceedings.
BASKIN, Judge (specially concurring).
I concur in the majority opinion affirming dismissal of the contract claims. I also concur in the reversal of the dismissal of the tort claims. See Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981) and authorities cited; Rizzo's liability for negligent design does not arise from his status as a corporate officer. Thus, the second amended complaint states a cause of action and should not have been dismissed.
NOTES
[1] Not a party to this appeal.