LETTS, Judge.
We do not believe a protracted recitation of the facts of this ease will contribute to the body of the law. Suffice it to say, a homeowner, in an amendment to a contract for the construction of a pool, agreed to a “late charge” of 1% for each day he failed to make the final payment thereon. The balance owed on the pool was $1,880 and by the time the motion to dismiss was heard the late charge totalled $4,414.
The motion to dismiss the pool builder’s complaint was filed by the homeowner upon the basis that the late charge was tantamount to interest at a usurious rate. The trial court agreed and granted the motion. We reverse.
This controversy should not have been disposed of on a motion to dismiss. From the four corners of the complaint, it cannot be determined whether the “late charge” was a provision to induce timely payment of an obligation, see Homewood Investment Co. v. Moses, 608 P.2d 503 (Nev.1980), a forbearance to enforce the collection of a debt, or a provision for liquidated damages. Moreover, assuming it was a liquidated damages provision, there would remain the question of whether it was reasonably proportionate to the damages sustained.
This cause is reversed and remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and WALDEN, JJ., concur.