LETTS, Judge.
In this case, the trial court dismissed an amended complaint holding that the cause of action was barred by the statute of limitations. We reverse.
The appellee’s position is that the third amended complaint was more than a mere substitution of parties and that new issues of both liability and damages were raised. We disagree.
The general rule is that whether an amendment, which makes changes in parties to the suit, relates back to the bringing of the suit for determining the application of the statute of limitations depends on the nature of the matter asserted by the amendment. An amendment which does not substantially change a cause of action may be made even after the statute of limitations has run. See Lindy's of Orlando, Inc. v. United Electric Company, 239 So.2d 69 (Fla. 4th DCA 1970); and Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), cert. denied 238 So.2d 109 (Fla.1970).
Without protracted discussion, it is our view that the amendment before us now essentially pled the same cause of action. Therefore, the amendment should have been allowed and the statute of limitations did not bar the amendment.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
HERSEY, C.J., and WALDEN, J., concur.