498 So.2d 469 (1986)
TOURISMART OF AMERICA, INC., Appellant,
v.
Raul GONZALEZ, Appellee.
No. 86-113.
District Court of Appeal of Florida, Third District.
September 2, 1986.
*470 Walters, Costanzo, Russell, Zyne & Newman and Mark Newman, Miami, for appellant.
Pedro P. Llaguno and Armando Gutierrez, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
NESBITT, Judge.
Tourismart of America, Inc. (Tourismart) appeals from an order dismissing, with prejudice, its third amended complaint. We reverse.
Gateway Travel and Tourism, Inc. (Gateway), a travel agency, purchased airline tickets, through Tourismart, for its customers. Upon discovering that Gateway used worthless checks and unauthorized credit card charges to purchase some of the tickets, Tourismart brought this action. Tourismart alleges that Gonzalez was authorized to sign the checks for Gateway; and indeed signed the checks in his individual capacity, knowing full-well that there were insufficient funds to cover them. It is further alleged that Gonzalez was involved in Gateway's scheme to use credit cards to fraudulently purchase airline tickets without the card-owner's consent.
Tourismart seeks to hold Gonzalez individually liable for conversion and for violation of section 832.05, Florida Statutes (1983) in count V, and for fraud in count VI.
Gonzalez contends that Tourismart cannot maintain a civil action under section 832.05.[1] We agree. Roger Rankin Enterprises, Inc. v. Green, 433 So.2d 1248 (Fla. 3d DCA 1983). Nevertheless, we find that Tourismart has stated a valid cause of action for conversion. Conversion is a wrongful act which deprives another of his property permanently or for an indefinite time. Star Fruit Co. v. Eagle Lake Growers, Inc., 160 Fla. 130, 33 So.2d 858 (1948); Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1160 (Fla. 3d DCA 1984). Tourismart has alleged that Gonzalez committed the wrongful act of issuing worthless checks with the intent to deprive Tourismart of possession of the airline tickets,[2] and did deprive Tourismart of the tickets permanently. Since the alleged facts would be sufficient to support Tourismart's prayer for relief, the complaint states a valid cause of action for conversion. See Pizzi v. Central Bank & Trust Co., 250 So.2d 895 (Fla. 1971); Perry v. Cosgrove, 464 So.2d 664 (Fla. 2d DCA 1985). Tourismart's claim for treble damages, however, must fail. The claim for treble damages is made in the complaint based upon Gonzalez' alleged violation of section 832.05, Florida Statutes (1983). Section 812.035(7), Florida Statutes (1983), allows persons suffering *471 injury to bring an action for treble damages only if the injury results from a violation of the provisions of sections 812.012-.037 or section 812.081. Since section 812.035(7) may not be used in conjunction with the statute allegedly violated in the present case, Tourismart is not entitled to treble damages based upon its complaint.
Count VI states a valid cause of action for fraud against Gonzalez. The essential elements of the common law action for fraud are 1) a representation made by a defendant with the intent to induce the plaintiff to act, 2) the representation was false and that the defendant knew that fact, and 3) the plaintiff's reliance on the representation caused him injury. American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975). In the present case, Tourismart alleges that Gonzalez represented that Gateway had authority to use the credit cards to make purchases of airline tickets for the card-owners, knowing that such a fact was false; Gonzalez failed to inform Tourismart of the truth in order to induce it to sell the tickets; and Tourismart suffered damages as a result of relying upon Gonzalez. Tourismart's complaint alleges all of the necessary elements and such allegations are of sufficient particularity to support an action for fraud. See Schryburt v. Olesen, 475 So.2d 715 (Fla. 2d DCA 1985); Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982); cf. Hanna, 323 So.2d at 570; Reina v. Gingerale Corp., 472 So.2d 530 (Fla. 3d DCA 1985).
Finally, we agree that Gonzalez is not shielded from liability by the Gateway Corporation but may be held liable, individually, for any tortious activity which he has committed. See Littman v. Commercial Bond & Trust Co., 425 So.2d 636 (Fla. 3d DCA 1983); Naranja Lakes Condominium No. One, Inc. v. Rizzo, 422 So.2d 1080 (Fla. 3d DCA 1982); Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980); Bush v. Belenke, 381 So.2d 315 (Fla. 3d DCA 1980); Dade Roofing & Insulation Corp. v. Torres, 369 So.2d 98 (Fla. 3d DCA 1979); CIC Leasing v. Dade Linen & Furniture Co., 279 So.2d 73 (Fla. 3d DCA 1973); see also § 673.403, Fla. Stat. (1983).
Finding that the complaint states a valid cause of action for conversion and fraud, we hold that the trial court erred in dismissing Tourismart's complaint. Accordingly, we reverse, but affirm with respect to the trial court's dismissal of Tourismart's claim for treble damages.
NOTES
[1] Section 832.05 makes the issuing of worthless checks subject to criminal penalties but makes no provision, within the statute, for civil recovery.
[2] Although these tickets represent a service, they are capable of individual ownership and are "sufficiently identifiable to be capable of being converted." Senfeld, 450 So.2d at 1161 n. 4. See also In re Corbin's Estate, 391 So.2d 731, 732 n. 1 (Fla. 3d DCA 1980).