510 So.2d 318 (1987)
P.V. CONSTRUCTION CORP., a Florida Corporation, Cross Appellant,
v.
ATLAS POOLS OF THE PALM BEACHES, INC., Cross Appellee.
No. 85-1560.
District Court of Appeal of Florida, Fourth District.
March 25, 1987.
Rehearing Denied April 28, 1987.
*319 Robert S. Levy of Law Offices of Robert S. Levy, P.A., West Palm Beach, for cross appellant.
No appearance nor oral argument for cross appellee.
DOWNEY, Judge.
Cross appellee, Atlas Pools of the Palm Beaches (Atlas), sued cross appellant, P.V. Construction Corp. (P.V.), for breach of contract for failure to pay the balance due for the construction of a pool. The trial court dismissed Atlas's complaint with prejudice and Atlas successfully appealed that order. Upon remand, on December 17, 1984, P.V. filed an answer and counterclaim, alleging negligent construction and damages to P.V.'s property. The case was noticed for trial on April 22, 1985. P.V.'s interrogatories, served January 9, 1985, required a court order compelling additional answers. P.V. then noticed the deposition of Sidney Kovner, president of Atlas. The scheduled date was postponed at Atlas's request. When the deposition was taken, P.V. learned that the alleged damage to its property was done intentionally by Atlas's president, Kovner. Thus, P.V. moved to amend its counterclaim to allege this factual situation and to join Kovner as a party defendant. The trial court denied the motion. The case went to trial on Atlas's complaint and resulted in a judgment for Atlas for $1,730. Despite uncontradicted evidence that the damage to P.V.'s property was caused by Atlas's president and chief operating officer, Kovner, the trial court rejected P.V.'s counterclaim on the ground that the damage was caused by the intentional tort of Kovner and not by the corporation.
P.V. contends the trial court erred 1) in denying its motion for leave to amend its counterclaim to join Kovner as a defendant and to claim punitive damages for the intentional tort and 2) in holding that Atlas, a Florida corporation, was not liable for the intentional tort of its president and chief operating officer.
The finding of the trial court in favor of Atlas for $1,730 is not attacked. However, we agree with both of P.V.'s contentions on appeal; the amendment should have been allowed and the evidence showed the corporation was not immune from liability for the intentional tort of its president and chief operating officer. The rule set forth in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), is not applicable to the present facts. Rather, this case is controlled by Bankers Multiple Line Insurance Company v. Farish, 464 So.2d 530, 533 (Fla. 1985), wherein the supreme court said:
We disavow the contention that Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), is applicable in this case. That decision was not intended to apply to situations where the agent primarily causing the imposition of punitive damages was the managing agent or primary owner of the corporation.
With regard to the proposed amendment, we are fully cognizant of the discretion vested in the trial judge regarding such matters. However, Florida Rule of Civil Procedure 1.190, pertaining to the amendment *320 of pleadings, expressly provides that "leave of court shall be given freely when justice so requires." In the present case, the claim sought to be alleged by way of amendment was virtually admitted by Atlas, so the only question involved was prejudice. It is apparent that no prejudice would accrue by allowing the amendment. None of the usual prejudicial conditions such as surprise, inability to prepare, etc., were existent. Thus, the rule of procedure mandates allowance of the amendment. Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971).
In view of the foregoing, the judgment appealed from is reversed and the cause is remanded with directions to allow P.V. Construction Corp. to amend its counterclaim as proposed and for further proceedings. The judgment in favor of Atlas for $1,730 shall remain otherwise unaffected, except that enforcement thereof should be precluded until a final determination of P.V.'s counterclaim, which might result in a setoff.
STONE, J., and RIVKIND, LEONARD, Associate Judge, concur.