508 So.2d 1325 (1987)
D'BEST LAUNDROMAT, INC., Appellant,
v.
Bernard JANIS, Individually, and As General Partner of West Lakes Plaza, Ltd., Appellee.
No. 86-2984.
District Court of Appeal of Florida, Third District.
June 23, 1987.
*1326 Lopez, Perez-Gurri & Goldman, and Virginia M. Best, for appellant.
Simon & Simon, and Lauren L. Garner, for appellee.
Before BARKDULL, HENDRY and HUBBART, JJ.
PER CURIAM.
This is an appeal by the plaintiff D'Best Laundromat, Inc. from a final dismissal of its amended complaint filed below against the defendant Bernard Janis, individually and as general partner of West Lakes Plaza, Ltd. We reverse the final order under review based on the following briefly stated legal analysis.
First, the legal basis for dismissing the amended complaint was that the plaintiff was four days late in filing the subject amended complaint under a prior trial court order dismissing the plaintiff's original complaint, but allowing the plaintiff ten days to file an amended complaint. Second, the plaintiff was, in fact, four days late in filing the amended complaint under the aforesaid court order and was not, as urged, entitled to five additional days within which to file said amended complaint under Fla.R.Civ.P. 1.090(e). The order allowing the amended complaint ran, by its very terms, from the date the order was signed. The plaintiff was informed of same at the hearing on the motion to dismiss, and the fact that the trial court's conformed order was thereafter mailed to the plaintiff did not invoke the additional five-days-for-mailing provision under Fla.R. Civ.P. 1.090(e). Third, it was an abuse of discretion for the trial court to dismiss the amended complaint because (a) the amended complaint was only four days late, as opposed to the extensive delays in filing amended complaints in cases where dismissals have been upheld, New River Yachting Center v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981) (seven months late), pet. for review denied, 415 So.2d 1360 (Fla. 1982); E & E Elec. Contractors, Inc. v. Singer, 236 So.2d 195, 196-97 (Fla. 3d DCA) (sixty-three days late), cert. dismissed, 239 So.2d 827 (Fla. 1970); National Shawmut Bank of Boston v. Woodard, 220 So.2d 636 (Fla. 3d DCA) (almost five months late), cert. denied, 225 So.2d 917 (Fla. 1969), and (b) the defendant demonstrated no prejudice below by the four-day delay in filing the amended complaint other than one created by himself when he unjustifiably took action prior to the entry of the final order of dismissal below. See Wackenhut Protective Sys. v. Key Biscayne Commodore Club Condominium I, Inc., 350 So.2d 1150, 1151-52 (Fla. 3d DCA 1977); Penn Cork & Closures, Inc. v. Piggyback Shippers Ass'n of Fla., 281 So.2d 46, 47 (Fla. 3d DCA 1973).
*1327 The final order of dismissal under review is reversed, and the cause is remanded to the trial court with directions to reinstate the plaintiff's amended complaint.
Reversed and remanded.