PER CURIAM.
This is an appeal by the plaintiff Andres Araujo-Sanchez from two final orders which dismiss the plaintiffs third amended complaint against the defendants Henry A. Amoon, Alex Alonso, and Marcelino Suarez. The sole basis for the dismissal was that the plaintiff was fourteen days late in filing his third amended complaint under a prior trial court order which had dismissed the plaintiffs second amended complaint, but had given the plaintiff thirty days to file an amended complaint. Plaintiffs counsel miscalendared the due date of the amended complaint because he misread the court’s order to give him thirty days from the date of the entry of the order of dismissal to file an amended complaint, as is usually the case in orders of this nature— instead of thirty days from the date of the hearing on the prior motion to dismiss, as provided by the said order.
Because (a) the miscalendaring by plaintiff’s counsel of the amended complaint’s due date constitutes excusable neglect for the subsequent untimely filing of the third amended complaint, (b) the defendants were in no way prejudiced by the delay in filing the said amended complaint, and (c) the subject amended complaint was late by a relatively small amount of time— fourteen days — which caused no significant inconvenience to the court, we conclude that the trial court abused its discretion in dismissing the third amended complaint as being untimely filed. D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987); Beaver Indus, v. Westlake Dev. Corp., 382 So.2d 1233 (Fla. 2d DCA 1980); In re Ulm’s Estate, 345 So.2d 1099 (Fla. 2d DCA 1977); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA), cert. denied, 194 So.2d 619 (Fla.1966); see also Gibraltar Serv. Corp. v. Lone & Assocs., Inc., 488 So.2d 582 (Fla. 4th DCA 1986); Florida Aviation Academy v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984); Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982); Travelers Ins. Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977). The final orders of dismissal under review are, therefore, reversed, and the cause is remanded to the trial court with directions to permit the plaintiff to late-file his third amended complaint.
Reversed and remanded.
HUBBART and FERGUSON, JJ., concur.