538 So.2d 502 (1989)
P.V. CONSTRUCTION CORP., a Florida Corporation, Appellant,
v.
Sidney Kovner, Appellee.
No. 87-2907.
District Court of Appeal of Florida, Fourth District.
February 1, 1989.
Robert S. Levy of Law Offices of Robert S. Levy, P.A., West Palm Beach, for appellant.
Basil S. Diamond, of Davis, Hoy & Diamond, West Palm Beach, for appellee.
*503 PER CURIAM.
This case has been here on appeal twice before. The action started out as a suit of the pool builder, Atlas Pools of the Palm Beaches, Inc., against the home owner, P.V. Construction Corp., for the unpaid balance due on the pool. The first appeal was from the trial court's dismissal of the suit on the basis of the homeowner's contention the provision for a one percent late charge for each day payment was delayed was tantamount to usury. In Atlas Pools of the Palm Beaches, Inc. v. P.V. Construction Corp., 455 So.2d 1120 (Fla. 4th DCA 1984), this court reversed, stating that from the four corners of the complaint it was not possible to tell whether the late charge provision was an inducement to make timely payment, a forbearance to enforce collection of a debt, or a provision for liquidated damages. If it was found to be liquidated damages, it would then be necessary to determine whether the damages provided for were reasonably proportionate to the damages sustained. Id. at 1121.
Upon remand, P.V. filed an answer to Atlas' complaint, alleging negligent construction, and a counterclaim alleging damage to P.V.'s property. During discovery, it was learned, in deposing Sidney Kovner, Atlas' president, that Kovner had intentionally inflicted the damage on P.V.'s property. Thereupon, in March 1985, P.V. moved to amend its counterclaim to join Kovner as a party defendant. The trial court denied P.V.'s motion. The case went to trial on Atlas' complaint and Atlas was awarded a judgment in the amount of $1,730. The court rejected P.V.'s counterclaim, on the ground the damage to P.V.'s property was inflicted by the intentional tort of Kovner and not by the corporation. On appeal, this court held in P.V. Construction Corp. v. Atlas Pools of the Palm Beaches, Inc., 510 So.2d 318 (Fla. 4th DCA 1987), that the amendment of the counterclaim should have been allowed, as justice required it, Florida Rule of Civil Procedure 1.190, and no prejudice would accrue by allowing it.
This court held also that the evidence showed the corporation was not immune from liability for the intentional tort of its president and chief operating officer. The controlling authority cited for the latter was Bankers Multiple Line Insurance Company v. Farish, 464 So.2d 530 (Fla. 1985) (corporation not immune where the agent primarily causing imposition of punitive damages is the managing agent or primary owner of the corporation).
This court reversed the judgment appealed from, and remanded the cause with directions to allow P.V. to amend its counterclaim as proposed, and for further proceedings. Upon remand, P.V. filed its amended counterclaim and served it on Kovner. The amended counterclaim set forth the same cause of action as before, but against Kovner also, where before it was against Atlas only. Atlas filed an answer to the amended counterclaim. Kovner filed a motion to dismiss the amended counterclaim, contending that the four year limitation period had run: the intentional damage occurred in July or August 1982; the amended counterclaim, it said, was filed in July 1987. The second appeal described above, of the trial court's refusal to allow joinder of Kovner as a party defendant, was pending in July 1986, when Kovner claimed the limitation period had run. The trial court granted Kovner's motion to dismiss, and dismissed P.V.'s amended counterclaim with prejudice, as time-barred. P.V. filed this appeal. We reverse and remand with direction to accept the filing of the amended counterclaim, as directed in the prior opinion and mandate of this court.
We address two issues:
1. Whether the trial court erred in dismissing the amended counterclaim with prejudice as time-barred, inasmuch as such an amendment relates back to the time the motion therefor was initially filed, where a party sought to file it before running of the limitation period, this was refused by order of the trial court, and the appellate court reversed that order. We conclude it did.
2. Whether the trial court erred in dismissing the amended counterclaim, as an amended counterclaim stating against a corporation's principal officer the same claim as it had previously stated against the corporation relates back to the time the *504 original counterclaim was filed. We conclude it did.
Appellee's motion to dismiss the amended counterclaim states two reasons therefore: (1) that the statutory period has run and no ultimate facts have been stated to obviate the effect of the limitation period, and (2) lack of ultimate facts as to why Kovner is being sued individually and apart from Atlas, when the complaint says Kovner was president of Atlas and committed the alleged tort while acting in the course and scope of that authority.
As to the second of these, it is well established that an officer of a corporation who commits or participates in a tort, whether or not it is in furtherance of corporate business and whether or not it is by authority of the corporation, is liable to the injured party whether or not the corporation is also liable. See White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So.2d 659 (Fla. 1st DCA 1986); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); Ramel v. Chasebrook Constr. Co., 135 So.2d 876 (Fla. 2d DCA 1961). The allegation that Kovner personally committed the tort, and clear identification in the complaint of the tortious acts, satisfy the requirements for an adequate complaint against Kovner. See Orlovsky at 1364. Thus, if inadequate statement of ultimate facts was the basis of the court's dismissal of the amended counterclaim, the dismissal was erroneous.
Appellee's first ground for seeking dismissal of course ties in with the reason for dismissal assumed by appellant to have been the court's ground for dismissal. It is obvious that only if the statute of limitations was applicable would it have been necessary for appellant to show why the statute should not be allowed to bar the amendment of the counterclaim to include Kovner as a party defendant.
Let us review the pertinent facts. In March 1985, upon learning from Kovner's own mouth when he was deposed that he had intentionally inflicted the property damage, the defendant/present appellant sought to amend its counterclaim to add Kovner as a party defendant. The trial court refused to permit this. In rendering final judgment in favor of Atlas the trial court rejected P.V.'s counterclaim on the ground that Kovner, not his corporation, had inflicted the tortious damage to P.V.'s property. P.V. appealed, and this court held, inter alia, that the amendment of the counterclaim should have been allowed, and mandated that the amended counterclaim be allowed and further proceeding be held. We find that the trial court first allowed the filing of an amended counterclaim that is slightly different in form but not in substance from the amended counterclaim of which this court had been aware, then dismissed it.
But for the refusal of the trial court to accept the filing of the amended counterclaim adding Kovner as a party back in 1985, there could have been no doubt that the limitation period had not run. This court found on appeal that there would be no prejudice from allowing amendment of the counterclaim, and that justice required allowing it. The appeal was filed in 1985. Justice cannot allow the limitation period to run when the delay in amending the counterclaim was occasioned by the trial court's error in refusing to allow the amendment in the first place  which error resulted in an appeal that took some time to perfect, hear and decide. See Henrion v. Shook, 490 So.2d 1283 (Fla. 4th DCA 1986); Smith v. Metropolitan Dade County, 338 So.2d 878-79 (Fla. 3d DCA 1976); Gatins v. Sebastian Inlet Tax District, 453 So.2d 871, 874 (Fla. 5th DCA 1984). See also Fla.R. Civ.P. 1.190(c).
GLICKSTEIN, WALDEN and STONE, JJ., concur.