561 So.2d 1305 (1990)
KERRY'S BROMELIAD NURSERY, INC., Appellant,
v.
Frederick E. REILING, Appellee.
No. 89-2036.
District Court of Appeal of Florida, Third District.
May 29, 1990.
*1306 Holland & Knight, Scott B. Newman, and Christopher N. Bellows, Miami, for appellant.
Shutts & Bowen, and Edmund T. Henry, III, Miami, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the plaintiff Kerry's Bromeliad Nursery, Inc. from a final order dismissing an amended count of a complaint sounding in negligence against the defendant Frederick E. Reiling. We reverse the final order under review based on the following briefly stated legal analysis.
First, the trial court abused its discretion in dismissing the subject amended count of the complaint on the stated ground that it was filed five days late [under a prior trial court order dismissing the original count of the complaint] because (a) the amended count was only five days late, as opposed to the extensive several-month delays in past cases where dismissals of this nature have been upheld, and (b) the defendant demonstrated no prejudice below from the five-day delay in filing the subject amended count, D'Best Laundromat, Inc. v. Janis, 508 So.2d 1325, 1326 (Fla. 3d DCA 1987), and cases collected. Indeed, the defendant makes no effort on appeal to defend the dismissal based on the above ground.
Second, the subject amended count otherwise pleads a proper cause of action sounding in negligence against the defendant. It is alleged that the defendant personally manufactured certain fiberglass panels which were installed in the plaintiff's greenhouse; that said panels were negligently constructed; and that, as a result of such negligent construction, the said panels failed during a harsh rainstorm, causing substantial property damage to the plaintiff's plant inventory. Contrary to the defendant's argument, the express warranty given by the defendant's wholly owned close corporation on the fiberglass panels does not preclude a tort recovery in the instant action. This is so because the express warranty purports only to limit the plaintiff's breach of warranty contractual damages and does not, as required, expressly absolve the close corporation [or its employees] of any liability for its own negligence. See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla. 1979); 3 R. Anderson, Uniform Commercial Code §§ 2-313:5, 2-313:8 (1983). This being so, the defendant is personally liable in tort for any property damage caused by his own negligence in personally manufacturing the subject fiberglass panels. Moreover, the fact that the defendant allegedly committed such negligent acts while employed as the chief executive officer for his close corporation cannot change this result because it is settled that a corporate employee is personally liable for his own torts  even though committed within the scope of his employment with the said corporation. See, e.g., McElveen v. Peeler, 544 So.2d 270 (Fla. 1st DCA 1989); P.V. Constr. Corp. v. Kovner, 538 So.2d 502 (Fla. 4th DCA 1989); White-Wilson Medical Center v. Dayta Consultants, Inc., 486 So.2d 659 (Fla. 1st DCA 1986); Naranja Lakes Condominium No. One, Inc. v. Rizzo, 422 So.2d 1080 (Fla. 3d DCA 1982) (Action for construction defects; two contract counts against corporate officer properly dismissed but two negligence counts for negligent design should have remained pending in light of the general rule that corporate officers "`are no less liable for their tortious acts by virtue of those acts having been performed *1307 in the corporate name.'"); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981); Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980); 1 Am.Law of Prod. Liab. 3d § 5.23, at 43-44 (T. Travers ed. 1987); 2 F. O'Neal, R. Thompson, O'Neal's Close Corporations § 8.04 (3d ed. 1988); Restatement (Second) of Agency § 350 comment c, illustration 4 (1958).
The final order of dismissal is reversed and the cause is remanded to the trial court with directions to allow the plaintiff to file the above-stated amendment to count eight of the amended complaint.
Reversed and remanded.