SILBERMAN, Chief Judge.
Wells Fargo Bank, N.A., seeks review of the trial court’s order dismissing its amended mortgage foreclosure complaint without prejudice but without leave to amend.[1] We reverse for two reasons. First, the trial court erred in determining that the amended complaint’s verification language did not comport with Florida Rule of Civil Procedure 1.110(b). Second, the trial court erred in determining that the amended complaint was untimely filed without considering the grounds asserted by Wells Fargo’s counsel regarding the delay in filing.
In January 2010, Wells Fargo filed a mortgage foreclosure complaint against Arthur Taboada that contained pleading deficiencies relating to the issue of Wells Fargo’s standing. On December 22, 2010, the trial court entered an order dismissing the complaint and granting Wells Fargo leave to amend within forty-five days. Among other things, the order instructed Wells Fargo to verify the amended complaint as “true and correct,” as opposed to “true and correct ‘to the best’ of the affi-ant’s ‘information and belief.’ ”
Wells Fargo filed a timely motion for extension of time to file its amended complaint and set its motion for hearing on April 27, 2011. Prior to the hearing, Wells Fargo filed its amended complaint. But the amended complaint did not contain the specific verification language referenced in the court’s order. Instead, its verification stated that the facts set forth “therein are true and correct to the best of my knowledge and belief.”
On the day of the hearing, Taboada served a motion to dismiss in which he contended that the amended complaint should be dismissed as untimely filed and as noncompliant with the oath requirement in the court’s prior order. Taboada’s counsel argued against the motion for extension of time and in support of dismissal on those grounds. Wells Fargo’s counsel informed the court that the filing delay resulted from the illnesses of both counsel and her assistant and the subsequent relocation of her office. Counsel also asserted that dismissal was improper because the oath complied with the plain language of rule 1.110(b). ' The court expressed its frustration regarding the heavy foreclo *1075 sure caseload in general and the delays precluding resolution of those cases. The court then ruled as follows:
So I’m now denying the motion for extension of time. Enough time has certainly passed to comply with the order.
Counsel doesn’t appear to be sick and I’m glad that you’re no longer as ill as you were back then. But at any rate, I will dismiss it for failure to comply with the order regarding verification. So that’s the issue here.
Intending to appeal, Wells Fargo’s attorney then asked the court if it would make it clear it was “dismissing it because we didn’t have this language in there versus I didn’t do it timely.” The court responded, “No. But I’m not going to change my ruling. I’ve denied the motion for extension of time. If the Second wants to take up that issue, if you choose to appeal that issue too, you can appeal that issue also.” The court clarified, “I’m denying the motion for extension of time. I think it was too long. But I’m also dismissing this complaint for failure to comply with the December 22nd, 2010, order. Because I believe that what we need is we need affiance asserting and verifying that the amended complaint or the complaint itself is true and correct.”
The court thereafter entered orders dismissing the amended complaint and denying Wells Fargo’s motion for extension of time. Both orders state that dismissal is required based on the amended complaint’s noncompliance with rule 1.110(b)’s oath requirement. But the order of dismissal also states that “there was no good cause for an extension of time.”
As to the verification issue, rule 1.110(b) provides in pertinent part as follows:
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
This court has recently rejected the contention that rule 1.110(b) requires verification of mortgage foreclosure complaints as true and correct, as opposed to true and correct based on the affiant’s information and belief. See Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369 (Fla. 2d DCA 2012). Thus, the trial court erred in dismissing Wells Fargo’s amended complaint on this basis.
Taboada argues that regardless of our disposition of the verification issue, we should affirm based on Wells Fargo’s delay in filing the amended complaint. We reject that argument because we are uncertain that the trial court actually considered the merits of the grounds asserted by Wells Fargo as good cause for an extension of time to file the amended complaint.
We recognize that the trial court’s order of dismissal finds that “there was no good cause for an extension of time.” But the court’s orders focus heavily on the verification requirement as did the court’s oral rulings at the hearing on the motion for extension of time. While the court also discussed the length of the delay, it failed to determine the reasonableness of the explanation for the delay in filing except to say that the delay was “too long.” Florida Rule of Civil Procedure 1.090(b) provides a trial court with discretion to enlarge the time for amending a complaint for cause if the request therefor is made before the expiration of the extended time period. See also Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992) (observing *1076 that rule 1.090(b) requires a showing of reasonable grounds for the delay), superseded by rule on other grounds, Amendment to Fla. R. Civ. P. 1.070(j), 746 So.2d 1084 (Fla.1999). Although the trial court commented that counsel did not appear to be as ill as she had been, it is unclear that the court was rejecting counsel’s explanation as to the cause for the delay. Rather, the court discussed at length its concerns regarding the general problem of delay in concluding foreclosure cases and the heavy foreclosure caseload. Because it appears that the trial court did not consider the validity of the reasons counsel offered in support of Wells Fargo’s motion for extension of time, we reverse and remand for reconsideration of the motion.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Because such an order effectively dismisses the complaint and precludes refiling under the same case number, it is a final order for purposes of appeal.