WETHERELL, J.
Wells Fargo Bank, N.A., appeals the dismissal of this foreclosure case because of its failure to cure a deficiency in the complaint by the deadline set by the trial court. We agree with Wells Fargo that, under the circumstances, the trial court abused its discretion in dismissing this case. Accordingly, we reverse the dismissal order and remand for further proceedings.
I
On February 25, 2010, Wells Fargo filed a complaint to foreclose the mortgage on Appellee’s property. The complaint alleged that Wells Fargo held the note secured by the mortgage and that the note was in default because Appellee had not made any of the payments due on or after June 1, 2009. Appellee did not respond to the complaint, and after 17 months with virtually no record activity, a default was entered against Appellee on September 26, 2011.
Approximately two weeks after the default was entered, Appellee filed a motion to set aside the default. The motion alleged that Appellee’s failure to respond to the complaint was the result of excusable neglect and that she had a meritorious defense to the complaint “in that the Plaintiff in this case is not the holder in due course of the promissory note, and is therefore not a proper plaintiff, and has failed to state a cause of action for which relief can be granted.” The motion also pointed out that the complaint was not verified as required by Florida Rule of *1064 Civil Procedure 1.110(b).[1] The trial court denied the motion after a hearing in an order dated February 8, 2012, and filed with the clerk of the lower tribunal on February 13, 2012.
On January 26, 2012, the same day as the hearing on the motion to set aside the default, the trial court issued what appears to be a form order advising Wells Fargo that the complaint did not comply with rule 1.110(b) because it was not verified. The order stated that this case would be dismissed if this deficiency was not “cured within fifteen (15) days of the date of this Order.” Based on the date of the order, this 15-day period expired on February 10, 2012.
On February 14, 2012, four days after the deadline set by the trial court, Wells Fargo served an amended complaint containing the verification required by rule 1.110(b). The amended complaint was not received by the clerk of the lower tribunal until February 20, 2012.
On February 16, 2012 — after the amended complaint was served, but before it was received by the clerk — the trial court signed an order dismissing this case based on Wells Fargo’s failure to “timely cure[ ]” the deficiency in the original complaint. The order stated that the dismissal was “without prejudice,” but also stated that “[i]f the plaintiff elects to file a new action to foreclose on the same property, it must be filed under a new case number and a new filing fee will be required.” The order was not filed with the clerk of the lower tribunal until February 22, 2012, two days after the amended complaint was filed.
On February 27, 2012, Wells Fargo timely filed a motion for rehearing. The motion explained that Wells Fargo did not receive the order requiring an amended complaint until five days after it was issued. The motion also detailed the diligent efforts made by Wells Fargo to comply with the order in the remaining 10 days, including expediting delivery of the amended complaint to and from its corporate office in California where it had to be sent to be verified. The motion included documents supporting the assertions in the motion, and Appellee did not file a response in opposition to the motion or otherwise dispute the assertions in the motion. The trial court denied the motion after a hearing in an order filed with the clerk of the lower tribunal on May 2, 2012.
Wells Fargo timely appealed the dismissal order to this Court.
II
The dismissal order is a final order for purposes of appellate review because, even though it dismissed this case “without prejudice,” the order precluded Wells Fargo from refiling a complaint under the same case number. See Wells Fargo Bank, N.A. v. Taboada, 93 So.3d 1073, 1074 n. 1 (Fla. 2d DCA 2012).
“[T]he trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment.” Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1994). Accordingly, we review the dismissal order in this case under the abuse of discretion standard of review. See Bank One, N.A. v. Harrod, 873 So.2d 519, 520 (Fla. 4th DCA 2004) (“Dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review.”).
Even under this deferential standard, we agree with Wells Fargo .that re *1065 versal is warranted here. The amended complaint was only four days late;[2] Wells Fargo showed good cause for its tardy filing in its motion for rehearing; and, most importantly, Appellee did not establish below — nor has she argued on appeal — that she was prejudiced in any way by the tardiness of the amended complaint.[3] The Third District has held that it was an abuse of discretion for the trial court to dismiss an amended complaint under nearly identical circumstances, see D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987) (four days late); see also Kerry’s Bromeliad Nursery, Inc. v. Reiling, 561 So.2d 1305 (Fla. 3d DCA 1990) (five days late); Araujo-Sanchez v. Amoon, 513 So.2d 1307 (Fla. 3d DCA 1987) (14 days late), and we are unaware of any case in which a dismissal was upheld under a fact pattern remotely similar to this case.
Dismissal is a particularly draconian sanction in this case because Appellee did not respond to the original complaint and a default was entered against her in September 2011. Appellee filed a motion to set aside the default, but the trial court denied the motion after a hearing. Despite this ruling, the dismissal order requires Wells Fargo to start the foreclosure process over by filing an entirely new action more than three years after the original complaint was filed (and four years after Appellee last made a mortgage payment) simply because the amended complaint was four days late. This makes no sense and serves no purpose except to increase the cost of this foreclosure action and further delay the disposition of this case on the merits.
Having said that, we recognize the importance of parties complying with deadlines set by the trial court,[4] and we also note that it would have been better practice for Wells Fargo to file a motion for extension of time when it became apparent that it would not be able to meet the deadline set by the trial court to cure the deficiency in the original complaint. However, under the circumstances, Wells Fargo’s failure to do so does not justify the dismissal of this case since Appellee was not prejudiced by the tardy amended complaint. Nor is Appellee prejudiced by our disposition of this appeal because on remand she will have an opportunity to respond to the amended complaint and litigate this case on the merits despite her failure to respond to the original complaint and the trial court’s denial of her motion to set aside the default.
*1066 III
In sum, for the reasons stated above, we reverse the dismissal order and remand for further proceedings on the amended complaint.
REVERSED and REMANDED for further proceedings.
' MAKAR, J., concurs; CLARK, J., dissents with opinion.

. This requirement took effect on February 11, 2010, two weeks before the complaint was filed in this case, even though the Florida Supreme Court opinion adopting the requirement was not final until June 2010. See JP Morgan Chase Bank v. Jurney, 86 So.3d 1182, 1184 (Fla. 2d DCA 2012).

. We use the date of service (4 days after the deadline set by the trial court) rather than the date of filing (10 days after the deadline) when referring to the tardiness of the amended complaint because the January 26, 2012, order did not state that an amended complaint had to be filed within 15 days of the date of the order, but rather stated only that the case would be dismissed if the deficiency in the original complaint was not "cured” within that period.

. If any prejudice exists, it is Wells Fargo— not Appellee — who has suffered it. Wells Fargo filed its original complaint in February 2010, which Appellee admits to ignoring. Wells Fargo then incurred the expense of obtaining a default as well as further expense in opposing Appellee’s motion to set aside the default. While the parties are awaiting judicial action on the pending motion to set aside default, the court sua sponte issued an order requiring Wells Fargo to file an amended complaint because the original was not properly verified, giving it fifteen days to do so. Wells Fargo received the notice in the mail five days later, did its best to comply with only ten calendar days left, and served the amended complaint a mere four days late (and two days before the trial court’s dismissal order).

.See Kozel, 629 So.2d at 818 ("In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements.”)