# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1105
Lower Tribunal No. 19-25652
_____

**Eumelia Hernandez,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

MSPG Law Group, P.A., and Analise Perales and Leo A. Manzanilla, for appellant.

Roig Lawyers, and Veresa Jones Adams and Abbi Freifeld Carr and Jeffrey R. Geldens (Deerfield Beach), for appellee.

Before EMAS, GORDO and BOKOR, JJ.

BOKOR, J.

Appellant Eumelia Hernandez appeals the dismissal with prejudice of her complaint against Appellee Citizens Property Insurance Corporation based on her filing of an amended complaint six days after the court-ordered deadline to amend. We reverse and remand for the trial court to conduct an evidentiary hearing pursuant to Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

"[T]he trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment" after a dismissal with leave to refile. Id. at 817. However, "[b]ecause dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Id. at 818. This Court has found that before a trial court may dismiss an action with prejudice as a sanction, the trial court must conduct an evidentiary hearing and make specific findings as to the six Kozel factors in to determine if dismissal with prejudice is warranted. Deutsche Bank Nat'l Tr. Co. v. Sombrero Beach Road, LLC, 260 So. 3d 424, 428 (Fla. 3d DCA 2018).[1]

---

[1] Kozel provides a bright-line test. However, we note that this is consistent with our pre-Kozel jurisprudence. In similar circumstances, this Court reversed dismissals where a plaintiff filed an amended complaint "late by a relatively small amount of time," absent a showing of prejudice to the defendants or significant inconvenience to the trial court. See Araujo-Sanchez v. Amoon, 513 So. 2d 1307, 1308 (Fla. 3d DCA 1987) (reversing order of dismissal and remanding with instructions to permit filing of the third

"Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation." Deutsche Bank Nat'l Tr. Co. v. Cagigas, 85 So. 3d 1181, 1182 (Fla. 3d DCA 2012) (quoting Ham v. Dunmire, 891 So. 2d 492, 496 (Fla. 2004) ("While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order was based was equivalent to willfulness or deliberate disregard.'")).

Because the trial court dismissed the action without conducting the Kozel analysis, we vacate the final order of dismissal and remand for further proceedings consistent with this opinion.

---

amended complaint where plaintiff filed a third amended complaint 14 days late due to miscalendaring and there was no evidence of prejudice or significant inconvenience); see also D'Best Laundromat, Inc. v. Janis, 508 So. 2d 1325 (Fla. 3d DCA 1987) (reversing dismissal where plaintiff filed four days late); Kerry's Bromeliad Nursery, Inc. v. Reiling, 561 So. 2d 1305 (Fla. 3d DCA 1990) (reversing dismissal where plaintiff filed five days late).